Lanzinger, J.
{¶ 1} In this case, we are asked to determine whether an order denying a motion to quash a grand-jury subpoena and ordering a party to testify or produce documents is a final order that may be appealed. We hold that it is.
*399 I. Case Background
{¶ 2} During the course of grand-jury proceedings, the state of Ohio[1] issued eight grand-jury subpoenas to individuals associated with appellants, an Ohio limited partnership and the president of its general partner.[2] Appellants moved to quash the subpoenas, which sought documents and testimony, arguing that they required appellants and their former attorneys to disclose information protected variously by the attorney-client privilege, the attorney-work-product doctrine, and the common-interest doctrine. The trial court issued an entry denying the motions, finding that the material sought was no longer or never had been privileged.
{¶ 3} Appellants appealed to the Eighth District Court of Appeals, which sua sponte ordered appellants to show cause why their appeal should not be dismissed for lack of a final order. After the parties briefed the issue, the court of appeals held that the trial court’s journal entry did not constitute a final order, reasoning that grand-jury proceedings are not “actions” under R.C. 2505.02(A)(3) and that an order requiring production of privileged information in response to a grand-jury subpoena is not a provisional remedy subject to appeal under R.C. 2505.02(B)(4). The Eighth District certified a conflict between its decision and those of the Fourth District Court of Appeals in In re Grand Jury Subpoena Duces Tecum Directed to the Keeper of Records of My Sister’s Place, 4th Dist. Athens No. 01CA55, 2002-Ohio-5600, 2002 WL 31341083, and the Tenth District Court of Appeals in State v. Boschulte, 10th Dist. Franklin No. 02AP-1053, 2003-Ohio-1276, 2003 WL 1227627.
{¶ 4} We accepted the conflict certified to us by the Eighth District Court of Appeals: “Whether an order denying a motion to quash a grand jury subpoena and ordering a party to testify and/or produce documents is an order granting or denying a provisional remedy within the meaning of R.C. 2505.02(A)(3)?” 143 Ohio St.3d 1477, 2015-Ohio-3958, 38 N.E.3d 900. We also accepted jurisdiction over appellants’ two propositions of law:
1. An order enforcing a grand jury subpoena to produce privileged information is a final, appealable order pursuant to R.C. 2505.02(B)(4).
2. An order enforcing a grand jury subpoena to produce privileged information is a final, appealable order pursuant to R.C. 2505.02(B)(1).
*400 Id. Upon accepting both the conflict and the jurisdictional appeal, we consolidated the two cases. Id.
II. Analysis
{¶ 5} We note at the outset of our analysis that the issues present in this case are related to, yet distinct from, the issues present in Burnham v. Cleveland Clinic, — Ohio St.3d -, 2016-Ohio-8000, — N.E.3d -. In Burnham, we were presented with the question whether an order compelling the production of materials alleged to be protected by the attorney-client privilege is a final, appealable order under R.C. 2505.02(B)(4). Id. at ¶ 2. In this case, we also address the appealability of orders compelling production of documents, but we do so in the unique context of grand-jury proceedings.
{¶ 6} Appellants argue that the appellate court improperly used a definition of the word “action” from R.C. 2307.01 to rule that an order denying a motion to quash a grand-jury subpoena and commanding a party to reveal privileged information is not an order denying a provisional remedy under R.C. 2505.02(B)(4). The state agrees with appellants that an order denying a motion to quash a subpoena is a final order.

Which Statutes Apply ?

{¶ 7} The statute that discusses final orders is R.C. 2505.02. It begins by defining “substantial right,” “special proceeding,” and “provisional remedy.” R.C. 2505.02(A)(3) defines a “provisional remedy” as
a proceeding ancillary to an action, including but not limited to, a proceeding for a preliminary injunction, attachment, discovery of privileged matter, suppression of evidence, a prima-facie showing pursuant to section 2307.85 or 2307.86 of the Revised Code, a prima-facie showing pursuant to section 2307.92 of the Revised Code, or a finding made pursuant to division (A)(3) of section 2307.93 of the Revised Code.
(Emphasis added.)
{¶ 8} Division (B) then sets forth seven situations in which an order is a final order that may be appealed, one of which is
(4) An order that grants or denies a provisional remedy and to which both of the following apply:
(a) The order in effect determines the action with respect to the provisional remedy and prevents a judgment in the action in favor of the appealing party with respect to the provisional remedy.
*401 (b) The appealing party would not be afforded a meaningful or effective remedy by an appeal following final judgment as to all proceedings, issues, claims, and parties in the action.
R.C. 2505.02(B)(4).

How Have Appellate Courts Interpreted Motions to Quash Grand-Jury Subpoenas'?

{¶ 9} In this case, the Eighth District Court of Appeals determined that “action,” undefined in R.C. 2505.02, was critical to that statute’s meaning. The court turned to the definition of “action” found in R.C. 2307.01, which provides, “An action is an ordinary proceeding in a court of justice, involving process, pleadings, and ending in a judgment or decree, by which a party prosecutes another for the redress of a legal wrong, enforcement of a right, or the punishment of a public offense.”
{¶ 10} The court reasoned that because grand-jury proceedings are investigatory proceedings from which no judgment or decree results, grand-jury proceedings are not actions that can be prosecuted to a judgment. As a result, the court of appeals held that a ruling on a motion to quash a grand-jury subpoena does not grant or deny a provisional remedy pursuant to R.C. 2505.02(B)(4). In so concluding, the Eighth District remarked, “[W]e are troubled that a trial court ruling concerning potentially privileged information is not subject to immediate appellate review.” The court continued, however, “[Tjhere are other means by which the question of privilege can be raised and determined, subject to appellate review,” without specifying what those means might be.
{¶ 11} The first of two cases certified as in conflict with the decision of the Eighth District is In re Grand Jury Subpoena Duces Tecum Directed to the Keeper of Records of My Sister’s Place, 4th Dist. Athens No. 01CA55, 2002-Ohio-5600, 2002 WL 31341083. In that case, the Fourth District Court of Appeals took a different approach in defining what a ruling on a motion to quash a grand-jury subpoena is, reasoning, “Grand juries are a province strictly for criminal proceedings and a motion to quash a grand jury subpoena is an ancillary action to the grand jury proceedings.” (Emphasis added.) Id. at ¶ 9. In reaffirming a previous entry that characterized an order granting a motion to quash a grand-jury subpoena as a final order under R.C. 2505.02(B)(4), the Fourth District noted that it had previously stated, “[A] motion to quash a grand jury subpoena was a provisional remedy because it involved a proceeding that is ancillary to, i.e., attendant upon or aids, the grand jury.” Id. at ¶ 12. Thus, implicit in the Fourth District’s decision was a conclusion that a grand-jury proceeding was an action within the meaning of “provisional remedy” under R.C. 2505.02(A)(3).
*402 {¶ 12} The second conflicting decision is State v. Boschulte, 10th Dist. Franklin No. 02AP-1053, 2003-Ohio-1276, 2003 WL 1227627. The Tenth District Court of Appeals relied upon the Fourth District’s analysis in deciding that “an order seeking to compel the production of documents pursuant to a grand jury subpoena is a provisional remedy because it involves a proceeding that is ancillary to, i.e., attendant upon or aids the grand jury.” Id. at ¶ 12. In so holding, the Tenth District explained that an order compelling the production of documents pursuant to a grand-jury subpoena satisfies both R.C. 2505.02(B)(4)(a) and (b) because the order “determine[s] the action with respect to the provisional remedy and prevents] a judgment in favor of appellant with respect to the provisional remedy” and the appellant “would not have a meaningful or effective remedy by appealing the decision following the final judgment in the action because appellant would have already produced the disputed original documents.” Boschulte at ¶ 13. The Tenth District accordingly held that a final order exists in such a situation. Id.

Is the Grand-Jury Proceeding an Action for Purposes ofR.C. 2505.02?

{¶ 13} The ultimate question before us is whether a ruling granting or denying a motion to quash a grand-jury subpoena is a final order.
{¶ 14} But because R.C. 2505.02(A)(3) specifies that a provisional remedy is “a proceeding ancillary to an action” and a motion to quash grand-jury subpoenas is ancillary to the grand-jury proceedings, we must determine whether a grand-jury proceeding constitutes an action—a question we have not previously decided.
{¶ 15} We have explained that an action is distinct from a special proceeding:
“[W]e suppose that any ordinary proceedings in a court of justice, by which a party prosecutes another for the enforcement or protection of a right, the redress or prevention of a wrong, or the punishment of a public offense, involving the process and pleadings, and ending in a judgment, is an action, while every proceeding other than an action, where a remedy is sought by an original application to a court for a judgment or an order, is a special proceeding.”
(Brackets sic.) Bernbaum v. Silverstein, 62 Ohio St.2d 445, 446-447, 406 N.E.2d 532 (1980), quoting Missionary Soc. v. Ely, 56 Ohio St. 405, 407, 47 N.E. 537 (1897). We noted the dichotomy between actions and special proceedings in Polikoff v. Adam, 67 Ohio St.3d 100, 616 N.E.2d 213 (1993): “Orders that are entered in actions that were recognized at common law or in equity and were not specially created by statute are not orders entered in special proceedings pursuant to R.C. 2505.02.” Id. at syllabus. Later, we applied the reasoning from *403 Polikoff to the context of grand-jury proceedings in holding that “[gjrand jury proceedings, having existed at common law, are not ‘special proceedings,’ notwithstanding the fact that they have been codified.” In re Grand Jury, 76 Ohio St.3d 236, 238, 667 N.E.2d 363 (1996), citing State ex rel. Doerfler v. Price, 101 Ohio St. 50, 54, 128 N.E. 173 (1920).
{¶ 16} Thus, we have clearly stated that grand-jury proceedings are not special proceedings. This fact forecloses any reliance by appellants on R.C. 2505.02(B)(2), which states that “[a]n order that affects a substantial right made in a special proceeding” is a final, appealable order. The implication of Bem-baum and Polikoff is that because they are not special proceedings, grand-jury proceedings must be actions. While they do not fit under the definition of “action” set forth in R.C. 2307.01 and used by the Eighth District, we agree with appellants that the definition of “action” as set forth in our jurisprudence comports with a conclusion that grand-jury proceedings are actions for the purpose of determining whether a final, appealable order exists under R.C. 2505.02.
{¶ 17} R.C. Chapter 2307 specifically addresses civil actions, rather than criminal or grand-jury proceedings. We accordingly do not read R.C. 2307.01 as setting forth the authoritative definition of “action” in the context of this case. Instead, the definition supplied in Bembaum is of more use. In that case, we established that “any ordinary proceedings in a court of justice, by which a party prosecutes another for the enforcement or protection of a right, the redress or prevention of a wrong, or the punishment of a public offense, involving the process and pleadings, and ending in a judgment, is an action.” (Emphasis added.) Bembaum at 446. Grand-jury proceedings are ordinary proceedings conducted in courts of justice. During those proceedings, the state conducts a type of preliminary prosecution seeking to redress a wrong against the public—a crime—and to punish the offender. The proceedings involve the regular process of our criminal procedure and end in the grand jury’s production of either a no-bill decision or true-bill decision, which will then result in a judgment for either the defendant or the state. Under the broader definition of “action” supplied in Bembaum, a grand-jury proceeding constitutes an action.

Is an Order Enforcing a Grand-Jury Subpoena and Ordering Production of Allegedly Privileged Information a Final Order?

{¶ 18} Because we conclude that a grand-jury proceeding constitutes an action, the next question before us is whether an order denying a motion to quash a grand-jury subpoena and ordering a party to testify or produce documents is an order granting or denying a provisional remedy that is potentially subject to appeal pursuant to R.C. 2505.02(B)(4). R.C. 2505.02(A)(3) defines a provisional remedy as “a proceeding ancillary to an action.” As we have previously noted, *404 the phrase “ancillary to an action” is undefined in the Revised Code. State v. Muncie, 91 Ohio St.3d 440, 448, 746 N.E.2d 1092 (2001). In Muncie, we held that for purposes of R.C. 2505.02(A)(3), “‘[a]n ancillary proceeding is one that is attendant upon or aids another proceeding.’ ” Id. at 449, quoting Bishop v. Dresser Industries, 134 Ohio App.3d 321, 324, 730 N.E.2d 1079 (3d Dist.1999). We further noted that “ancillary” can be defined as “ ‘ “describing a proceeding attendant upon or which aids another proceeding considered as principal.” ’ ” Muncie at 449, quoting Sorg v. Montgomery Ward & Co., Inc., 6th Dist. Erie No. E-98-057, 1998 WL 904945, *3 (Dec. 17, 1998), quoting Black’s Law Dictionary 78 (5th Ed.1979). Applying these definitions, we held that a petition for forced medication under R.C. 2945.38 was a provisional remedy ancillary to a criminal action undertaken by the state against an incompetent defendant, because without the petition for forced medication, an incompetent defendant would likely never be restored to legal competency. Muncie at 450.
{¶ 19} We similarly hold that an order denying a motion to quash a grand-jury subpoena and ordering a party to testify or produce documents is an order granting or denying a provisional remedy as defined by R.C. 2505.02(A)(3). A motion to quash a subpoena is a proceeding that aids the grand-jury proceeding because the decision on the motion will either allow or deny the grand jury access to information that could be determinative in reaching a decision. The motion to quash is accordingly “a proceeding ancillary to an action” and therefore a provisional remedy pursuant to R.C. 2505.02(A)(3).
{¶ 20} It thus remains for us to determine whether this provisional remedy qualifies as a final order pursuant to R.C. 2505.02(B)(4). That statute specifies that an order granting or denying a provisional remedy is a final order that may be appealed when two criteria are met:
(a) The order in effect determines the action with respect to the provisional remedy and prevents a judgment in the action in favor of the appealing party with respect to the provisional remedy.
(b) The appealing party would not be afforded a meaningful or effective remedy by an appeal following final judgment as to all proceedings, issues, claims, and parties in the action.
{¶ 21} “An order compelling the production of materials alleged to be protected by the attorney-client privilege is a final, appealable order under R.C. 2505.02(B)(4).” Burnham, — Ohio St.3d -, 2016-Ohio-8000, — N.E.3d -, ¶ 30 (lead opinion). “Any order compelling the production of privileged or protected materials certainly satisfies R.C. 2505.02(B)(4)(a) because it would be *405 impossible to later obtain a judgment denying the motion to compel disclosure if the party has already disclosed the materials.” Id. at ¶ 21. Applying this reasoning, we conclude that an order enforcing a grand-jury subpoena and ordering production of allegedly privileged information similarly determines the action and prevents a judgment in favor of the appealing party with respect to the provisional remedy, for once the information is produced, it would no longer be possible to obtain a judgment preventing the disclosure of that information. The order in this case accordingly meets the criteria set forth in R.C. 2505.02(B)(4)(a).
{¶ 22} The second requirement in R.C. 2505.02(B)(4)—that the appealing party would not be afforded a meaningful or effective remedy by an appeal following final judgment—allows for appeals when the need for immediate review outweighs the substantial interest in avoiding piecemeal litigation. See id. at ¶ 22. When a party is compelled to produce material protected by the attorney-client privilege, harm extends beyond the actual case being litigated and causes the loss of a right that cannot be rectified by a later appeal, and R.C. 2505.02(B)(4)(b) is accordingly satisfied. Id. at ¶ 2. Identical concerns are present in this case, so we similarly conclude that the second requirement in R.C. 2505.02(B)(4) is met in this case.[3]
{¶ 23} Because both criteria set forth in R.C. 2505.02(B)(4) are met in this case, we hold that an order enforcing a grand-jury subpoena and ordering production of allegedly privileged information is a final order pursuant to R.C. 2505.02(B)(4).
{¶ 24} Our decision that a final order exists and that appeal is accordingly possible is consistent with the axiom that a grand jury does not have power to consider privileged information. “[T]he grand jury’s subpoena power is not unlimited. It may consider incompetent evidence, but it may not itself violate a valid privilege, whether established by the Constitution, statutes, or the common law.” United States v. Calandra, 414 U.S. 338, 346, 94 S.Ct. 613, 38 L.Ed.2d 561 (1974). Our conclusion that an order enforcing a grand jury subpoena and ordering production of allegedly privileged information is final and appealable thus fits within the framework of our criminal procedure, for the only way to prevent grand juries from potentially violating a privilege and forcing parties to *406 disclose privileged information is to allow those parties the opportunity to appeal before divulging that information.
III. Conclusion
{¶ 25} We accordingly hold that an order denying a motion to quash a grand-jury subpoena and ordering a party to testify or produce documents is an order granting or denying a provisional remedy within the meaning of R.C. 2505.02(A)(3). Furthermore, an order enforcing a grand-jury subpoena and ordering production of allegedly privileged information is a final order pursuant to R.C. 2505.02(B)(4). We reverse the judgment of the Eighth District Court of Appeals holding that the trial court’s order is not final, and we remand this cause to the court of appeals so that it may proceed with the appeal.
Judgment reversed and cause remanded.
O’Connor, C.J., and Pfeifer and O’Neill, JJ., concur.
O’Donnell, J., concurs in judgment and concurs in paragraph two of the syllabus.
Kennedy, J., concurs in judgment only, with an opinion joined by French, J.

. Though self-identified as “appellee,” the state supports appellants’ positions.

. The documents in this case have been filed under seal. We accordingly refrain from identifying appellants.

. In Burnham, the lead opinion distinguished the protection provided by the attorney-work-product doctrine from the protection provided by the attorney-client privilege. Id. at ¶ 16. While in this case, appellants alleged protection arising from the attorney-client privilege, the attorney-work-produet doctrine, and the common-interest doctrine, the propositions of law in this case specifically refer to privileged materials. Our conclusion today that R.C. 2506.02(B)(4)(b) has been satisfied accordingly applies only to information alleged to be protected by privilege. Given the procedural posture of this case, we will not address whether the R.C. 2505.02(B)(4)(b) requirement is satisfied with regard to any information alleged to be protected by the attorney-work-product doctrine or the common-interest doctrine in this case.