[Cite as *In re Special Grand Jury Investigation*, 2018-Ohio-760.]

## IN THE COURT OF APPEALS OF OHIO

## TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| In re | : | No. 17AP-446 |
| | | (C.P.C. No. 16 CM 41) |
| Special Grand Jury Investigation | : | (REGULAR CALENDAR) |

---

### D E C I S I O N

#### Rendered on March 1, 2018

---

**On brief:** *Webster & Associates Co.*, *LPA*, *Geoffrey E. Webster*, and *Bryan M. Pritikin*; *Kegler Brown Hill & Ritter*, and *Jonathan E. Coughlan*, for appellants. **Argued:** *Geoffrey E. Webster*; *Jonathan E. Coughlan*.

**On brief:** *Michael DeWine*, Attorney General, and *Anthony J. Molnar*, for appellee. **Argued:** *Anthony J. Molnar*.

---

APPEAL from the Franklin County Court of Common Pleas

SADLER, J.

{¶ 1} Appellants, a rehabilitation and nursing center ("rehabilitation center") and its parent organization,[1] appeal an entry of the Franklin County Court of Common Pleas ordering production of documents alleged by appellants to be protected under the work-product doctrine. Because appellants have not argued or affirmatively established that an immediate appeal is necessary in order to afford a meaningful and effective remedy under R.C. 2505.02(B)(4)(b), we dismiss the appeal for lack of a final, appealable order pursuant to *Smith v. Chen*, 142 Ohio St.3d 411, 2015-Ohio-1480.

---

[1] The documents in this case are filed under seal, and we accordingly refrain from identifying appellants by name. *In re Grand Jury Proceeding of Doe*, 150 Ohio St.3d 398, 2016-Ohio-8001, fn. 2.

## I.  CASE BACKGROUND

{¶ 2}   In 2016, during the course of grand jury proceedings, appellee issued a subpoena to appellants requesting internal investigation documentation related to a self-reported incidence ("SRI") report submitted by appellants to the Ohio Department of Health in 2014.   Appellants refused to produce certain internal investigation documentation related to the SRI on the grounds that the requested documents were protected under the "work-product privilege" and provided a corresponding privilege log based on a claimed work-product privilege.   Appellee filed a motion for a show cause order as to why appellants should not be held in contempt for failing to comply with the subpoenas.   Appellants opposed the show cause motion arguing the documents underlying the SRI investigation at issue are not legally required as a part of internal investigations, are not required to be turned over to the state under any law, are instead work product prepared in anticipation of litigation, and are not required to be disclosed for good cause.

{¶ 3}   On May 12, 2017, the trial court found the documents sought by appellee are not work product.   Therefore, the trial court ordered appellants to provide the requested documents to appellee before a certain date as appellee had failed to show cause why it should not be held in contempt.   Enforcement of the order to produce the documents is stayed pending appeal.

{¶ 4}   Appellants filed a timely appeal to this court, presenting two assignments of error:

> [1.] THE TRIAL COURT ERRED IN FINDING APPELLANTS'
> COUNSEL'S INTERNAL INVESTIGATION WAS NOT
> PROTECTED, PRIVILEGED WORK PRODUCT.
>
> [2.] THE TRIAL COURT ERRED BY FINDING THE STATE
> WAS ENTITLED TO SECURE APPELLANTS COUNSEL'S
> DOCUMENTS THROUGH SUBPOENA.

{¶ 5}   In its appeal, appellants request this court find that documentation supporting appellants' investigation is protected by the "work-product privilege" and that appellee has not shown good cause to compel production of those documents before the grand jury.   (Appellants' Brief at 37.)   Appellants did not address in their briefs or at oral

argument why the trial court's order is final and appealable or specifically why an immediate appeal is necessary in order to afford them a meaningful and effective remedy. In its appellate brief, appellee "concedes" that the order is appealable pursuant to *Doe* at paragraph two of the syllabus.  (Appellee's Brief at 4.)

## II.  DISCUSSION

{¶ 6}   An appellate court's jurisdiction is limited to the review of final, appealable orders, judgments, or decrees, and, therefore, we are obligated to raise sua sponte questions related to our jurisdiction. *State ex rel. Ohio Academy of Nursing Homes, Inc. v. Ohio Dept. of Medicaid*, 10th Dist. No. 16AP-102, 2016-Ohio-1516, ¶ 4-5, citing R.C. 2505.03(A) and *State ex rel. Bd. of State Teachers Retirement Sys. of Ohio v. Davis*, 113 Ohio St.3d 410, 2007-Ohio-2205, ¶ 44; *Brown v. ManorCare Health Servs.*, 9th Dist. No. 27412, 2015-Ohio-857, ¶ 7.  If a judgment is not a final, appealable order, then an appellate court has no jurisdiction to review the matter, and it must be dismissed. *State v. Boschulte*, 10th Dist. No. 02AP-1053, 2003-Ohio-1276, ¶ 4.

{¶ 7}   "Generally, trial court orders addressing discovery issues are merely interlocutory and not immediately appealable." *Bowers v. Craven*, 9th Dist. No. 25717, 2012-Ohio-332, ¶ 14.  However, an order compelling discovery of information alleged to be privileged or protected may be final and appealable if certain requirements of R.C. 2505.02 are met. *Ohio Academy of Nursing Homes* at ¶ 4-6; *Summit Park Apts., LLC v. Great Lakes Reinsurance (UK), PLC*, 10th Dist. No. 15AP-820, 2016-Ohio-1514, ¶ 9-11.

{¶ 8}   Pursuant to R.C. 2505.02(B), in pertinent part, an order is final and appealable where that order:

> (4) [G]rants or denies a provisional remedy and to which both of the following apply:
>
> (a) The order in effect determines the action with respect to the provisional remedy and prevents a judgment in the action in favor of the appealing party with respect to the provisional remedy.
>
> (b) The appealing party would not be afforded a meaningful or effective remedy by an appeal following final judgment as to all proceedings, issues, claims, and parties in the action.

{¶ 9}   The Supreme Court in *Doe* recently addressed the appealability of orders compelling production of documents in the context of grand jury proceedings.  Regarding the first requirement under R.C. 2505.02(B)(4), the court in *Doe* found that an order for a party to testify or produce documents in a grand jury proceeding is an order granting or denying a "provisional remedy" within the meaning of R.C. 2505.02.  *Doe* at paragraph one of the syllabus.  The court further held that under the second requirement, "[a]ny order compelling the production of privileged or protected materials certainly satisfies R.C. 2505.02(B)(4)(a) because it would be impossible to later obtain a judgment denying the motion to compel disclosure if the party has already disclosed the materials."  *Id.* at ¶ 21, citing *Burnham v. Cleveland Clinic*, __ Ohio St.3d __, 2016-Ohio-8000, ¶ 21.

{¶ 10}   Regarding the last requirement set forth in R.C. 2505.02(B)(4)(b), the *Doe* court found that "[w]hen a party is compelled to produce material protected by the attorney-client privilege, harm extends beyond the actual case being litigated and causes the loss of a right that cannot be rectified by a later appeal."  *Id.* at ¶ 22.  Thus, "[a]n order enforcing a grand jury subpoena and ordering the production of allegedly privileged information is a final order pursuant to R.C. 2505.02(B)(4)."  *Id.* at paragraph two of the syllabus.  The court specifically limited this holding to information alleged to be protected by attorney-client privilege; the court declined to address whether R.C. 2505.02(B)(4)(b) is satisfied with regard to information alleged to be protected by the attorney work-product doctrine.[2]  *Id.* at ¶ 22, fn. 3.

{¶ 11} Additional Supreme Court of Ohio precedent recently cited by this court states that under the last requirement set forth in R.C. 2505.02(B)(4)(b), a party attempting to appeal an order compelling discovery of privileged materials must affirmatively establish that an immediate appeal is necessary to afford the appellant a meaningful and effective remedy.  *Nami v. Nami*, 10th Dist. No. 17AP-265, 2017-Ohio-8330, ¶ 19, citing *Chen* at ¶ 8 (finding an order to produce documents alleged to be

---

[2] The *Doe* court notes that in *Burnham* at ¶ 16, it had distinguished the protection provided by the attorney work-product doctrine from the protection provided by the attorney-client privilege in the context of final, appealable orders.  *Burnham* is a split decision.  While six justices agreed that an order to produce materials alleged to be protected by the *attorney-client privilege* is final and appealable under R.C. 2505.02(B), the justices were split 3-3 on the issue of whether attorney-client privilege should be distinguished from work-product protection for purposes of determining whether an order is final and appealable.  As there was no majority on that issue, *Chen* stands as valid precedent.

protected under the work-product doctrine was not final and appealable where the appellants never argued or established they would not be afforded an effective or meaningful remedy through appeal after final judgment under R.C. 2505.02(B)(4)(b) and failed to address that requirement adequately again in a show cause order issued by the Supreme Court).[3] *See*, *e.g.*, *Summit Park Apts.* at ¶ 11 (finding the trial court order at issue was final and appealable by distinguishing its own facts from *Chen* because the appellants effectively argued, both in its primary brief and reply, that it would be denied a meaningful remedy if not permitted to appeal because the privilege is lost once the documents are exposed to opposing counsel); *Third Fed. S. & L. Assn. of Cleveland v. Callahan*, 1st Dist. No. C-140443 (Nov. 23, 2016) (finding it was without jurisdiction under *Chen* where the appellant failed to argue, both before the trial court and in the appeal, that it would not be afforded a meaningful and effective remedy absent an immediate appeal); *Walker v. Taco Bell*, 1st Dist. No. C-150182, 2016-Ohio-124, ¶ 8 (dismissing the appeal for lack of jurisdiction where the appellant failed to establish why an immediate appeal of the trial court's order is necessary under *Chen*); *Leipply v. Diamond Cut Lawn & Landscaping Serv. LLC*, 7th Dist. No. 16 CO 0004, 2016-Ohio-4748, ¶ 8 (dismissing appeal for lack of a final, appealable order because the appellant's "traditional 'the proverbial bell cannot be unrung' argument," without more, was insufficient under *Chen* to demonstrate why the appellant cannot wait until the underlying lawsuit has been resolved to appeal the trial court's discovery order); *Howell v. Park E. Care & Rehab.*, 8th Dist. No. 102111, 2015-Ohio-2403, ¶ 11 (discussing *Chen* and dismissing appeal where the appellant did not make any attempt to establish the necessity of an immediate appeal to satisfy the requirements of R.C. 2505.02(B)(4)(b)).

{¶ 12} Here, although appellants use the phrase "work-product privilege," the only ground appellants asserted to avoid production of the requested documents is the work-product doctrine; appellants make no allegation that the attorney-client privilege applies, and in oral argument repeatedly stated they were not asserting attorney-client privilege. As a result, we disagree with appellee that *Doe* is dispositive on the issue of whether the trial court order is final and appealable to invoke our jurisdiction, as that case specifically

---

[3] We note that the justices in *Burnham* were also split 3-3 on the issue of whether *Chen* should be limited to cases alleging work-product protection or overruled in its entirety.

refrained from applying its holding to cases alleging protection under the work-product doctrine.

{¶ 13} Furthermore, unlike in *Summit Park Apts.*, appellants in this case have not addressed, either in their appellate briefs or at oral argument, whether an immediate appeal is necessary in order to afford a meaningful and effective remedy in this case. As a result, we find appellants have not affirmatively established that an immediate appeal is necessary pursuant to R.C. 2505.02(B)(4)(b) under *Chen*. We, therefore, "presume an appeal in the ordinary course would be meaningful and effective" and find the trial court order at issue is not final and appealable on the facts of this case. *Id.* at ¶ 8. Without a final, appealable order, we lack jurisdiction over this matter. *Boschulte* at ¶ 4.

{¶ 14} We note that the dissent primarily takes issue with dismissing the case without first ordering supplemental briefing.[4] The dissent has not set forth authority showing supplemental briefing is required in this or any instance. Undoubtedly, there are instances where a court would benefit from additional briefing on a particular issue. Whether or not supplement briefing is warranted is a question within the discretion of the appellate court. App.R. 16(C).

{¶ 15} Here, appellants have not made any attempt to establish the necessity of an immediate appeal under R.C. 2505.02(B)(4)(b) despite recent Supreme Court cases discussing this issue. *Chen* currently remains precedent and has been followed by appellate courts to support dismissal where the appellant failed to argue that it would afford a meaningful and effective remedy pursuant to R.C. 2505.02(B)(4)(b). *See, e.g., Callahan*; *Howell*. Accordingly, we find dismissal is warranted without supplemental briefing in this case.

{¶ 16} For the above stated reasons, and on the authority of *Chen* and its prodigy, this appeal is dismissed.

---

[4] The dissent takes further issue with our distinguishing between attorney-client privilege and work product, a distinction raised by the Supreme Court in *Burnham* and noted in *Doe* at ¶ 22, fn. 3 ("In *Burnham*, we distinguished the protection provided by the attorney-work-product doctrine from the protection provided by the attorney-client privilege."). Since appellants have failed to affirmatively establish that an immediate appeal is necessary in this case under *Chen*, we need not address this issue at this time and make no comment on the propriety of this distinction.

## III.  CONCLUSION

{¶ 17}  Having found we lack jurisdiction over this matter due to the lack of a final, appealable order, we dismiss this appeal.

*Appeal dismissed.*

TYACK, J., concurs.
LUPER SCHUSTER, J., dissents.

LUPER SCHUSTER, J., dissenting.

{¶ 18}  Because I would not sua sponte dismiss for lack of a final appealable order without, at a minimum, ordering supplemental briefing, I respectfully dissent.

{¶ 19}  The majority relies on the Supreme Court of Ohio's decision in *Smith v. Chen,* 142 Ohio St.3d 411, 2015-Ohio-1480, for the proposition that an order compelling the production of documents alleged to be privileged work product is not a final appealable order where the appealing party does not affirmatively establish that an immediate appeal is necessary pursuant to R.C. 2505.02(B)(4)(b).  However, before dismissing for lack of a final appealable order in *Chen,* the Supreme Court first ordered the parties to show cause why the appeal should not be dismissed for lack of jurisdiction pursuant to R.C. 2505.02.  *Chen* at ¶ 6.  Thus, it was only after the parties failed to articulate why they would not be afforded a meaningful or effective remedy by an appeal following final judgment, *when specifically prompted,* that the Supreme Court found no final appealable order.

{¶ 20}  The specific factual and procedural posture is vital to *Chen* and to the cases that purport to follow it.  As this court noted in *Summit Park Apts., LLC v. Great Lakes Reinsurance (UK), PLC,* 10th Dist. No. 15AP-820, 2016-Ohio-1514, also cited by the majority, to the extent the Supreme Court intended to impose an affirmative burden to establish that an immediate appeal is necessary in an order compelling the production of allegedly privileged work product, such an affirmative burden is highly fact-specific.  *Id.* at ¶ 11 (noting that, in *Chen,* "factually, the party seeking to defend privilege and work product on appeal in [*Chen*] failed to show cause when ordered to do so on whether there was a final appealable order").  It follows, then, that the requirement of the affirmative burden should not be used as a basis for dismissal without first giving the party the opportunity to meet that burden.  Additionally, we noted in *Summit Park Apts.* that the

appellant in that case agued in its briefing that it would be denied a meaningful remedy if it could not immediately appeal and, thus, declined to find no final appealable order pursuant to *Chen. Summit Park Apts.* at ¶ 11.

{¶ 21} Critically here, unlike in *Summit Park Apts.*, this court sua sponte raised the issue of a potential lack of a final appealable order. Therefore, at a minimum, I would not decide this issue without giving the parties the opportunity to weigh in through supplemental briefing. *See Id.* at ¶ 11 (noting that, through briefing, the appealing party was able to affirmatively demonstrate than an immediate appeal was necessary). *See also Nami v. Nami,* 10th Dist. No. 17AP-265, 2017-Ohio-8330, ¶ 12 (noting it was *appellee's* argument that the order was not final and appealable, meaning the parties had the opportunity to address the issue through briefing). To the extent this court is going to interpret *Chen* to impose an affirmative burden in work-product privilege cases, I would not impose such a burden without giving the parties an opportunity to be on notice of the issue. *See, e.g., State v. Yarbrough*, 104 Ohio St.3d 1, 2004-Ohio-6087, ¶ 4 (the Supreme Court requested supplemental briefing from the parties on the issue of jurisdiction, an issue not previously raised in the proceedings).

{¶ 22} Moreover, the majority specifically declines to apply Supreme Court cases pertaining to attorney-client privilege on the grounds that this case involves solely a question of work-product privilege and not of attorney-client privilege. I would not find the issue to be so neatly contained. Though they are indeed two distinct concepts, the work-product privilege emanates from, and is interrelated with, attorney-client privilege. *See Squire, Sanders & Dempsey, L.L.P. v. Givaudan Flavors Corp.*, 127 Ohio St.3d 161, 2010-Ohio-4469, ¶ 55 (explaining "the work-product doctrine provides a *qualified* privilege protecting the attorney's mental processes in preparation of litigation"); *Burnham v. Cleveland Clinic*, ___ Ohio St.3d ___, 2016-Ohio-8000, at ¶ 31-79 (Kennedy, J., plurality). Thus, many of the same concepts applying to the disclosure of attorney-client privilege, most notably the notion that "the proverbial bell cannot be unrung," apply equally to an analysis of the final nature of an order compelling the production of work-product privilege as it would to an order compelling the production of materials deemed to be attorney-client privilege. *Summit Park Apts.* at ¶ 11 (internal quotations omitted). This court has recognized, post-*Chen*, the interrelated nature of claims of attorney-client

privilege and work-product privilege. *Summit Park Apts.* at ¶ 11 (analyzing in a common analysis, without distinction, whether an order compelling the disclosure of potentially privileged matter was a final appealable order).

{¶ 23} For these reasons, I respectfully dissent.

_____