[Cite as *Ohio State Dept. of Taxation v. Branch*, 2022-Ohio-391.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Ohio State Department of Taxation, | : | |
| Plaintiff-Appellee, | : | No. 21AP-262<br>(C.P.C. No. 21JG-044114)<br>& |
| v. | : | No. 21AP-263<br>(C.P.C. No. 21JG-044055) |
| Elizabeth N. Branch [Gastineau], | : | |
| Defendant-Appellant. | : | (ACCELERATED CALENDAR) |

D E C I S I O N

Rendered on February 10, 2022

**On brief:** *Park Street Law Group, LLC*, *Jeffrey J. Madison*, and *Andrew D. Bowers*, for appellee. **Argued:** *Jeffrey J. Madison* and *Andrew D. Bowers*.

**On brief:** *Wagoner & Steinberg*, and *C. William Bair*, for appellant. **Argued:** *C. William Bair*.

APPEAL from the Franklin County Court of Common Pleas

SADLER, J.

{¶ 1} Defendant-appellant, Elizabeth N. Branch Gastineau, appeals from certificates of judgment filed in the Franklin County Court of Common Pleas by plaintiff-appellee, Ohio State Department of Taxation ("the Department"). For the following reasons, we dismiss these consolidated appeals for lack of final, appealable orders.

## I. FACTS AND PROCEDURAL HISTORY

{¶ 2} On April 23, 2021, the Department filed three certificates of judgment in the Franklin County Court of Common Pleas. Each of the certificates indicated the Department was the judgment creditor and appellant was the judgment debtor, and set forth the amount of judgment. The first certificate of judgment, filed in Franklin C.P. No. 21JG-044631, asserted the Department had a judgment against appellant for $1,389,87. The second

certificate of judgment, filed in Franklin C.P. No. 21JG-044114, asserted the Department had a judgment against appellant for $1,047.40. The third certificate of judgment, filed in Franklin C.P. No. 21JG-044055, asserted the Department had a judgment against appellant for $3,701.67.

{¶ 3} On May 21, 2021, appellant filed notices of appeal from the three certificates of judgment. Because they involved similar parties and issues, this court sua sponte consolidated the appeals for purposes of briefing, oral argument, and determination.[1]

## II. ASSIGNMENTS OF ERROR

Appellant assigns the following as trial court error in 21AP-262:

> The Appellee erred in filing its certificate of judgment beyond the applicable statute of limitations for collection of school district income taxes.

Appellant assigns the following as trial court error in 21AP-263:

> The Appellee erred in filing its certificate of judgment for an amount that is calculated from income taxes greatly inflated for the period of time the Appellant lived in the State of Ohio in 2007.

## III. LEGAL ANALYSIS

{¶ 4} We begin by considering whether we have jurisdiction over these appeals. *See In re Special Grand Jury Investigation*, 10th Dist. No. 17AP-446, 2018-Ohio-760, ¶ 6 ("An appellate court's jurisdiction is limited to the review of final, appealable orders, judgments, or decrees, and, therefore, we are obligated to raise sua sponte questions related to our jurisdiction.") Article IV, Section 3 of the Ohio Constitution provides that courts of appeals have "such jurisdiction as may be provided by law to review and affirm, modify, or reverse judgments or final orders of the courts of record inferior to the court of appeals within the district." "If a judgment is not a final, appealable order, then an appellate court has no jurisdiction to review the matter, and it must be dismissed." *In re Special Grand Jury* at ¶ 6. R.C. 2505.02(B) sets forth seven types of final orders that may be reviewed, affirmed, modified, or reversed.

{¶ 5} In this case, appellant filed her notices of appeal less than thirty days after the Department filed the certificates of judgment. The common pleas court did not take any

---

[1] Appellant moved to voluntarily dismiss her appeal from the certificate of judgment in Franklin C.P. No. 21JG-044631 on June 29, 2021, and we granted the motion.

action or enter any orders or judgments between the filing of the certificates of judgment and the filing of the notices of appeal. Thus, we must determine whether the certificates of judgment filed by the Department constituted final, appealable orders.

{¶ 6} The Seventh District Court of Appeals considered the nature of a certificate of judgment in *Toot v. Pitello*, 7th Dist. No. 05-CA-825, 2006-Ohio-4863. The circumstances leading to that case were that Toot originally sued Pitello alleging she defaulted on payments on an installment note. *Id.* at ¶ 2. That original lawsuit was resolved by an agreed judgment entry, granting judgment in favor of Toot and providing that Toot would not initiate a foreclosure, execution, garnishment, or attachment action if Pitello made monthly payments toward the judgment. Toot then filed a certificate of judgment with the clerk of courts to secure the judgment obtained in the original lawsuit. *Id.* Pitello subsequently initiated a separate civil action, filing a complaint for partition seeking judicial sale of real estate she jointly held with another individual. Toot intervened in the partition action, filing an answer asserting he had an interest in the real estate by virtue of the certificate of judgment. *Id.* at ¶ 3-4. Pitello moved to enforce the agreed judgment entry from the original lawsuit and to quash the certificate of judgment. The trial court denied Pitello's motion, finding that creating or filing a judgment lien did not constitute initiating a foreclosure, execution, garnishment, or attachment action on that judgment. *Id.* at ¶ 5.

{¶ 7} On appeal, the Seventh District concluded the order denying Pitello's motion was not a final, appealable order. *Id.* at ¶ 28. As relevant to the present appeals, the court also addressed the nature of a certificate of judgment:

> It is well established in Ohio that "a lien is immediately created upon the lands of the judgment debtor when a certificate of judgment is filed with the clerk of courts." *Std. Hardware & Supply Co. v. Bolen*, 115 Ohio App.3d 579, 582 (4th Dist.1996), citing *Tyler Refrigeration Equip. Co. v. Stonick*, 3 Ohio App.3d 167, 169 (9th Dist.1981). *See, also, Wayne Bldg. & Loan Co. v. Yarborough*, 11 Ohio St.2d 195, 196 (1967).
>
> "Furthermore, the procedures used to enforce a judgment are separate and distinct from the filing of a certificate of judgment. *See, generally, Feinstein v. Rogers*, 2 Ohio App.3d 96, 97-98 (10th Dist.1981). In general, liens may be enforced in several ways, inter alia, an R.C. 2323.07 foreclosure action or a writ of execution pursuant to R.C. Chapter 2329. Id." *Denune v. Carter-Jones Lumber Co.*, 144 Ohio App.3d 266, 268 (2d Dist.2001).

> \* \* \* The trial court found that [Toot's] act of creating or filing a judgment lien, following his obtaining a final consent judgment from [Pitello] in [the installment note case], did not amount to the initiation of a "foreclosure, execution, garnishment, or attachment" on that judgment. It is not apparent yet that [Toot] is trying to enforce his judgment, but rather is merely filing a certificate of that judgment to protect that interest.
>
> In sum, while [Toot's] act of filing the judgment lien with the trial court may *involve* a substantial right of [Pitello], it does not *affect* a substantial right of [Pitello].

*Id.* at ¶ 25-28. Similarly, in these cases, the Department filed judgment liens but had not yet initiated foreclosure, sought a writ of execution, or pursued other means to enforce those liens. Therefore, no trial court had entered a judgment or order related to any enforcement action, and there was no order affecting a substantial right of appellant.

{¶ 8} At oral argument, when addressing whether there were final, appealable orders in these cases, appellant's counsel referred to *Dept. of Taxation v. Plickert*, 128 Ohio App.3d 445 (11th Dist.1998). However, the appeal in that case was taken from a foreclosure decree, not from the filing of a certificate of judgment. Therefore, *Plickert* does not support a conclusion that the certificates of judgment filed by the Department in these cases were final, appealable orders.[2]

{¶ 9} In the present cases, at the time appellant filed her appeals the Department had filed certificates of judgment but had not taken any action to enforce those judgments. Moreover, the common pleas court had not entered any orders in the proceedings. Accordingly, we conclude there were no final, appealable orders entered in the cases. *See State ex rel. Montgomery v. Ohio Cast Prod., Inc.*, 5th Dist. No. 1999CA00394 (June 26, 2000) (dismissing appeal of order denying a motion to vacate a certificate of judgment because "[a]t most, the trial court was ruling that appellee had a valid lien on the subject premises and was entitled to a future order of foreclosure," concluding the denial order "is not a final appealable order, but rather is simply prefatory to the issuance of an actual foreclosure decree ordering the sale of the property and establishing the priority of any valid

---

[2] We further note the *Plickert* decision held that "Plickert was not precluded from raising the improper service of the assessment as an affirmative defense to the action to foreclose on his residence." *Plickert* at 451. At oral argument, appellant's counsel suggested appellant did not receive the underlying tax assessments that resulted in the judgments against her. The *Plickert* decision suggests appellant may raise lack of notice or service as a defense to any attempt by the Department to enforce the judgments.

liens"); *Van Wie v. Kreppner*, 8th Dist. No. 53614 (Jan. 28, 1988) (holding there was no final, appealable order where a municipal court overruled a motion to strike an affidavit and certificate of judgment and no other proceedings had been taken to enforce the lien created by the filing of the certificate of judgment).  Because the certificates of judgment filed by the Department were not final, appealable orders, we lack jurisdiction over these appeals.

{¶ 10} Accordingly, we dismiss these appeals for lack of final, appealable orders.

## IV.  CONCLUSION

{¶ 11} For the foregoing reasons, we dismiss the appeals for lack of final, appealable orders.

*Appeals dismissed.*

JAMISON and NELSON, JJ., concur.

NELSON, J., retired, of the Tenth Appellate District, assigned to active duty under the authority of the Ohio Constitution, Article IV, Section 6(C).

_____