[Cite as *State Auto. Mut. Ins. Co. v. Rowe*, 2022-Ohio-4443.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

STATE AUTOMOBILE MUTUAL
INSURANCE COMPANY

      Appellant/Cross-Appellee

      v.

EDGAR ROWE, et al.

      Appellees/Cross-Appellants

C.A. No.     21CA011799


APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF LORAIN, OHIO
CASE Nos.   19CV199805
                20CV200578

DECISION AND JOURNAL ENTRY

Dated: December 12, 2022


CARR, Judge.

{¶1}   Appellant/Cross-Appellee State Automobile Mutual Insurance Company ("State Auto") appeals an interlocutory order of the Lorain County Court of Common Pleas. Appellees/Cross-Appellants Edgar and Marietta Rowe ("the Rowes") have filed a cross-appeal. This Court reverses the judgment and dismisses the cross-appeal.

I.

{¶2}   In November 2019, State Auto filed a complaint seeking declaratory judgment with respect to whether an insurance policy for a residence in Pittsfield Township provided liability coverage and a duty to defend the Rowes and Elizabeth and David Zenda. The Rowes are the titled owners to the Pittsfield Township property, and insureds under the policy; however, they never resided there. Instead, Elizabeth and David Zenda resided at the property. Elizabeth Zenda conducted a daycare business on the property and on October 5, 2016, one young child died and

another suffered injuries due to a drowning accident on the property. That incident prompted a subsequent wrongful death lawsuit against the Rowes and Elizabeth and David Zenda.

{¶3} State Auto maintained in its complaint that there was no liability coverage available under the policy for the drowning, no duty to provide a defense, and no duty to indemnify. Inter alia, State Auto maintained that there was a dispute as to whether the policy provided coverage or a duty to defend because the location was not an insured location as the insureds did not reside there and because a daycare business was operated at the residence.

{¶4} In February 2020, the Rowes filed a separate lawsuit against State Auto and Tighes' Insurance Agency, Inc. Therein, the Rowes alleged that State Auto and Tighes' Insurance Agency, Inc. breached the insurance policy, State Auto committed fraud, State Auto denied coverage and refused to defend or indemnify the Rowes in bad faith, Tighes' Insurance Agency, Inc. was negligent and committed fraud, and State Auto committed abuse of process. In addition, the Rowes sought a declaration that State Auto owed a duty to defend and indemnify the Rowes.

{¶5} State Auto's and the Rowes' lawsuits were ultimately consolidated. Relevant to this appeal, in February 2021, the Rowes filed a motion to compel the production of State Auto's claim file. The Rowes asserted that State Auto refused "to produce any document created after what State Auto claim[ed] was a denial of coverage on July 12, 2017." The Rowes asserted that "[m]ost of the acts and omissions committed by State Auto occurred after that date, including multiple further denials of the claim, in bad faith, the unreasonable delay in hiring counsel to defend the lawsuit, which is what actually [prompted the Rowes] to file suit against State Auto and Tighes, and the abuse of process tort." An exhibit to a prior filing, referenced in the Rowes' motion to compel, indicates that State Auto provided the Rowes' with a privilege log outlining the documents that were omitted from a discovery response. State Auto opposed the motion and stated

it had already complied with Ohio law as provided in *Boone v. Vanliner Ins. Co.*, 91 Ohio St.3d 209 (2001). Therein, the Supreme Court concluded that "a lack of good faith in determining coverage involves conduct that occurs when assessment of coverage is being considered. Therefore, the only attorney-client and work-product documents that would contain information related to the bad faith claim, and, thus, be unworthy of protection, would have been created prior to the denial of coverage." *Id.* at 213. The Rowes filed a reply indicating that some of the documents wrongfully withheld were created before July 12, 2017 and that many of State Auto's acts and omissions that gave rise to the Rowes' claims occurred after that date. Thus, the Rowes' believed they were entitled to discovery of the entire claim file.

{¶6} A hearing was held on the motion to compel and other pending motions. At the hearing, the trial court stated that it was "going to order that the claims file, posted on July 12, 2017, be delivered to the Court within seven – 14 days, excuse me, of today's date, for an in-camera inspection to keep in mind privilege issues and the arguments on both sides relative to that, and [the court would] then make a decision promptly as to whether or not any or part of that claims file, July 12, 2017 or later, should be delivered to the Rowes. In any event, it would be filed with the Court under seal so you'd have it for preserving on the record." No written order expressing the same was filed by the trial court. Subsequently, State Auto filed a motion requesting an extension of time to file the documents for in-camera review.

{¶7} On August 27, 2021, the trial court entered judgment, stating as follows:

This matter came on for an in-camera review of State Auto's claim [file]. The Court finds no legal basis for said file being discoverable by Plaintiff but allows for an eyes only review by Plaintiff's counsel. The file shall be redacted of any legal opinions by counsel for State Auto and all fee statements of counsel. Once the redactions have been completed, Plaintiff's and Defendant's counsel shall arrange for the eyes only inspection. If counsel for Plaintiff decides that certain portions of the file are discoverable, he shall notify the Court and a hearing shall be scheduled. The Court shall be notified when the inspection has been completed.

{¶8} The Rowes filed a motion to reconsider asserting that State Auto waived any objection to production of the claim file by producing the claim file for in-camera inspection without a written entry of the trial court ordering the same. The Rowes also maintained that attorney-client privilege did not apply under the circumstances. State Auto opposed the motion and the Rowes filed a reply.

{¶9} Before the motion was ruled upon, State Auto both filed a privilege log and a notice of appeal. State Auto stated that the privilege log was provided to the Rowes' counsel in May 2021. In the privilege log, State Auto maintained that the withheld or redacted documents were "privileged, proprietary, and/or confidential material protected by attorney client privilege, attorney work product, and/or material prepared in anticipation of litigation." Subsequently, the Rowes filed a cross-appeal. State Auto and the Rowes have each raised an assignment of error for this Court's review.

II.

## ASSIGNMENT OF ERROR OF STATE AUTO

THE TRIAL COURT ERRED IN ORDERING PLAINTIFF-APPELLANT STATE AUTOMOBILE MUTUAL INSURANCE COMPANY ("STATE AUTO") TO PRODUCE TO COUNSEL FOR DEFENDANT[S]-APPELLEES EDGAR AND MARIETTA ROWE ("THE ROWES") CLAIMS FILE DOCUMENTS WHICH HAD BEEN WITHHELD ON THE BASIS OF PRIVILEGE AND FOR WHICH THE COURT HAD DECLARED AS A MATTER OF LAW THAT THERE WAS "NO LEGAL BASIS" FOR THE MATERIALS BEING DISCOVERABLE BY THE ROWES.

{¶10} State Auto argues in its assignment of error that the trial court's statement that there was no basis to find the claim file discoverable combined with the trial court ordering an "eyes only" inspection of the file by opposing counsel is erroneous on its face. State Auto also asserts that the trial court's order fails to provide any limits to what opposing counsel can do with the information.

{¶11} "Before this Court can reach the merits of an appeal, we must consider whether the orders appealed from are final, appealable orders as [t]his Court has jurisdiction to hear appeals only from final judgments." (Internal quotations and citation omitted.) *Pietrangelo v. PolyOne Corp.*, 9th Dist. Lorain No. 19CA011550, 2020-Ohio-2776, ¶ 8.

> An order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is * * * [a]n order that grants or denies a provisional remedy and to which both of the following apply:
>
> (a) The order in effect determines the action with respect to the provisional remedy and prevents a judgment in the action in favor of the appealing party with respect to the provisional remedy.
>
> (b) The appealing party would not be afforded a meaningful or effective remedy by an appeal following final judgment as to all proceedings, issues, claims, and parties in the action.

R.C. 2505.02(B)(4).

{¶12} State Auto, in its privilege log, asserted that the documents were "privileged, proprietary, and/or confidential material protected by attorney client privilege, attorney work product, and/or material prepared in anticipation of litigation." "An order compelling the production of materials alleged to be protected by the attorney-client privilege is a final, appealable order under R.C. 2505.02(B)(4)." *In re Grand Jury Proceeding of John Doe*, 150 Ohio St.3d 398, 2016-Ohio-8001, ¶ 21, quoting *Burnham v. Cleveland Clinic*, 151 Ohio St.3d 356, 2016-Ohio-8000, ¶ 30 (lead opinion). In *Burnham*, which is a plurality opinion, the Supreme Court also discussed the appealability of orders compelling the production of documents protected by the attorney work-product exemption. Therein, the Supreme Court noted that "the same guarantee of confidentiality is not at risk with an attorney's work product [as is the case in situations involving the attorney-client privilege]. [Thus,] any harm from disclosure [of attorney work product] would likely relate to the case being litigated, meaning that appellate review would more likely provide appropriate relief. This is not to say that compelling the disclosure of an attorney's work product

pursuant to Civ.R. 26(B)(3) would never satisfy R.C. 2505.02(B)(4)(b) and require an interlocutory appeal. But it does not necessarily involve the inherent, extrajudicial harm involved with a breach of the attorney-client privilege." (Internal citations omitted.) *Burnham* at ¶ 26.

{¶13} Here, we conclude that State Auto has at least raised a colorable claim that some of the documents in the claim file are protected by the attorney-client privilege, and accordingly, we conclude we have jurisdiction to consider State Auto's appeal. *See Burnham* at ¶ 29.

{¶14} We agree with State Auto that the trial court's entry is problematic. The entry states:

> This matter came on for an in-camera review of State Auto's claim [file]. The Court finds no legal basis for said file being discoverable by Plaintiff but allows for an eyes only review by Plaintiff's counsel. The file shall be redacted of any legal opinions by counsel for State Auto and all fee statements of counsel. Once the redactions have been completed, Plaintiff's and Defendant's counsel shall arrange for the eyes only inspection. If counsel for Plaintiff decides that certain portions of the file are discoverable, he shall notify the Court and a hearing shall be scheduled. The Court shall be notified when the inspection has been completed.

{¶15} Thus, the trial court concluded that none of the claim file provided for in-camera inspection was discoverable, and accordingly presumably privileged, but the trial court still ordered State Auto to redact certain portions and then allow the Rowes' counsel to review the documents without placing any limits on what the Rowes' counsel could do with said information. The trial court did not cite to any authority that would authorize this and did not explain why the Rowes' counsel should have any access to documents which the trial court in the same order held they have no legal basis to discover. Assuming the documents are not discoverable, compelling disclosure of them is clearly erroneous. However, in addition to the foregoing issue, the trial court has also failed to detail why the documents are not discoverable, i.e. it does not explain what protection it believes applies and to which documents. This makes it impossible for this Court to provide a meaningful review of the trial court's decision. Even under a de novo review, this Court

serves as a reviewing Court. *See Schutte v. Summit Cty. Sheriff's Office*, 9th Dist. Summit No. 28203, 2017-Ohio-4172, ¶ 11. As the lead opinion in *Burnham* observed, "because responses to motions to compel may assert various claims of privilege in resisting disclosure of materials, a trial court should explain why a motion to compel production has been granted. In that way, a reviewing court can determine the pertinent issues * * *." *Burnham* at ¶ 28; *see also Schutte* at ¶ 11 ("This Court has recognized that, [if] a trial court's judgment is not sufficiently detailed, a reviewing court may be left in the unfortunate position of being unable to provide meaningful review.") (Internal quotations and citations omitted.).

{¶16} Thus, we sustain State Auto's assignment of error to the extent discussed above and remand the matter to the trial court so that the trial court can create an entry that both complies with the law and is sufficient to permit appellate review. *See Schutte* at ¶ 11.

## ASSIGNMENT OF ERROR OF THE ROWES

THE TRIAL COURT ERRED IN DETERMINING THAT THERE IS "NO LEGAL BASIS FOR SAID [STATE AUTO CLAIM] FILE BEING DISCOVERABLE," AS ANY PRIVILEGE HAS BEEN WAIVED.

{¶17} In their cross-appeal, the Rowes argue that the trial court erred in concluding that there was no legal basis for the claim file being discoverable. We conclude that issue is not properly before us.

{¶18} The portion of the trial court's entry that concludes the claim file is not discoverable is not reviewable in this interlocutory appeal. "Unlike an order compelling production of claimed privileged material, compliance with an order denying production will not destroy any privilege that may apply." *Giusti v. Akron Gen. Med. Ctr.*, 178 Ohio App.3d 53, 2008-Ohio-4333, ¶ 10 (9th Dist.). This portion of the order "fails to satisfy the second prong of the test [under R.C. 2505.02(B)(4)] because it does not preclude a meaningful or effective remedy for [the Rowes] via

appeal after final judgment. The trial court's decision denying [the Rowes] access to the requested information can be remedied on appeal following final judgment if this court determines that the privilege did not apply * * *." (Internal quotations and citations omitted.) *Giusti* at ¶ 10.

**{¶19}** Thus, the part of the order that the Rowes challenge is not final and appealable. *See id.* at ¶ 11. The Rowes' cross-appeal is dismissed for lack of jurisdiction.

### III.

**{¶20}** State Auto's assignment of error is sustained to the extent discussed above, and the cross-appeal is dismissed. The judgment of the Lorain County Court of Common Pleas is reversed, and the matter is remanded for proceedings consistent with this decision.

Judgment reversed,
and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellees/Cross-Appellants.

_____
DONNA J. CARR
FOR THE COURT

TEODOSIO, P. J.
CALLAHAN, J.
CONCUR.

APPEARANCES:

JAMES R. GALLAGHER, Attorney at Law, for Appellant/Cross-Appellee.

ADAM E. CARR and ERIC K. GRINNELL, Attorneys at Law, for Appellees/Cross-Appellants.

MICHAEL S. WILSON, Attorney at Law, for Appellees/Cross-Appellants.