*258 O’Donnell, J.
{¶ 1} Danielle Laurence appeals from a judgment of the Eighth District Court of Appeals affirming a decision of the trial court denying her request for a protective order seeking to prohibit Stephen Stillwagon and Ace Doran Hauling & Rigging Company from using statements she made to emergency room personnel that she had produced in a prior lawsuit she filed against Stillwagon and Ace Doran arising out of the same accident. The appellate court held that Laurence waived the physician-patient privilege by filing a personal injury action seeking recovery for her injuries and therefore the trial court correctly denied her request for a protective order.
{¶ 2} In this circumstance, we need not reach the waiver issue to resolve this case. Pursuant to the statute establishing the physician-patient privilege, at least two separate provisions apply and specify that the statements made by Laurence are no longer privileged. For these reasons, we affirm the judgment of the appellate court.

Facts and Procedural History

{¶ 3} On March 6, 2008, a multivehicle accident occurred on Interstate 90 in Cleveland, Ohio. Among the vehicles involved were a tractor-trailer driven by Stephen Stillwagon transporting goods for Ace Doran and two cars, one driven by Laurence and one driven by Todd Leopold. Emergency medical personnel transported Laurence to MetroHealth Medical Center for treatment as a result of the accident. At that time, she told emergency room personnel that she had hit a car in front of her and then was hit from behind by a semi and pushed into a concrete wall.
{¶ 4} In November 2008, Laurence sued Stillwagon and Ace Doran, seeking recovery for personal injuries she suffered in the accident. In discovery, she *259 produced her medical records, which defense counsel used when they deposed her; after that deposition, she voluntarily dismissed her case.
{¶ 5} In October 2009, Todd Leopold and his wife, Linda, sued Stillwagon, Ace Doran, and Ace Doran Brokerage Company, seeking recovery for injuries sustained in the same accident. They dismissed the brokerage company and amended their complaint to add Laurence, asserting that her negligence had caused the accident. Laurence then cross-claimed against Stillwagon and Ace Doran for contribution or indemnification, claiming that Stillwagon had caused the collision. Stillwagon and Ace Doran thereafter cross-claimed against her for indemnification or contribution, contending that she had caused the accident.
{¶ 6} On April 29, 2011, Laurence moved for a protective order, seeking to preclude counsel from using the medical records she produced in her 2008 lawsuit. She claimed that the physician-patient privilege protected her medical records from disclosure and that her prior waiver of the privilege applied only to her 2008 lawsuit. The court denied her motion, and she appealed. The appellate court affirmed the denial, concluding that “Laurence’s decision to file a claim of personal injury against [Stillwagon and Ace Doran], which was based upon the same accident that underlies the basis for the claims and defenses posed by the parties herein, served to waive her physician-patient privilege with respect to that accident pursuant to R.C. 2371.02(B).” 2012-Ohio-497, 2012 WL 426283, at ¶ 15.
{¶ 7} We accepted Laurence’s discretionary appeal, in which she claims that a patient’s production of medical records in discovery in a civil action does not waive the physician-patient privilege for all subsequent litigation. She asserts that the trial and appellate courts have created a judicial waiver of the statutory physician-patient privilege and maintains that Ohio citizens have a constitutional and statutory right to have Ohio courts enforce the physician-patient privilege. She further relies on Hageman v. Southwest Gen. Health Ctr., 119 Ohio St.3d 185, 2008-Ohio-3343, 893 N.E.2d 153, ¶ 17, for the proposition that “when the cloak of confidentiality that applies to medical records is waived for the purposes of litigation, the waiver is limited to that case.”
{¶ 8} The Leopolds concur. They contend that Laurence’s emergency room records are inadmissible because her medical condition is not at issue in this case, and they maintain that she preserved the privilege by voluntarily dismissing her 2008 lawsuit, thereby preventing disclosure of her records to the public. They urge us to follow Hageman and hold that the privilege is not waived when a medical condition is not at issue in a subsequent civil action, the medical records have not been made public, and a timely objection has been raised.
*260 {¶ 9} Stillwagon and Ace Doran claim that Laurence waived the physician-patient privilege because she voluntarily produced her medical records in related litigation she filed against them, and upon dismissal, she neither requested that her testimony be sealed nor insisted that the medical records be destroyed or returned to her. They acknowledge that the purpose of the physician-patient privilege is to protect the privacy of the patient, but that purpose is not served when a litigant has previously disclosed medical information protected by the privilege in separate litigation involving the same defendants. They distinguish Hageman because it concerned the liability of an attorney for the unauthorized disclosure to a third party of medical information obtained through litigation that arose from a different and unrelated set of circumstances, while this case concerns the same accident and involves the same parties originally sued by Laurence.
{¶ 10} Accordingly, the issue presented in this appeal is whether the physician-patient privilege protects medical records that a patient has previously disclosed in discovery to some of the same parties in previous litigation arising from the same accident.

Law and Analysis

{¶ 11} R.C. 2317.02 provides:
The following persons shall not testify in certain respects:
* * *
(B)(1) A physician * * * concerning a communication made to the physician * * * by a patient in that relation or the physician’s * * * advice to a patient, except as otherwise provided in this division, division (B)(2), and division (B)(3) of this section, and except that, if the patient is deemed by section 2151.421 of the Revised Code to have waived any testimonial privilege under this division, the physician may be compelled to testify on the same subject.
(Emphasis added.)
{¶ 12} At issue in this case is a legislatively created exception to this privilege contained in R.C. 2317.02(B)(1)(a)(iii), which is further restricted by R.C. 2317.02(B)(3)(a).
{¶ 13} R.C. 2317.02(B)(1)(a)(iii) provides:
*261 The testimonial privilege established under this division does not apply, and a physician * * * may testify or may be compelled to testify, in any of the following circumstances:
(a) In any civil action, * * * or in connection with a claim under Chapter 4123. of the Revised Code, under any of the following circumstances:
% * *
(iii) If a medical claim [or] * * * any other type of civil action, or a claim under Chapter 4123. of the Revised Code is filed by the patient
(Emphasis added.)
{¶ 14} This exception is all-inclusive as to the type of civil action that may be filed by the patient and does not contain any exclusion for or limitation of indemnification or contribution claims. Laurence filed a type of civil action in the instant litigation — one for indemnification or contribution — against Stillwagon and Ace Doran. Hence, because Laurence filed a cross-claim, the elements of the exception contained in R.C. 2317.02(B)(1)(a)(iii) are satisfied, with the result that the testimonial privilege does not apply and a physician may testify or may be compelled to testify to the communications.
{¶ 15} The limitation at issue is contained in R.C. 2317.02(B)(3)(a):
If the testimonial privilege described in division (B)(1) of this section does not apply as provided in division (B)(1) (a) (iii) of this section, a physician * * * may be compelled to testify or to submit to discovery under the Rules of Civil Procedure only as to a communication made to the physician * * * by the patient in question in that relation, or the physician’s * * * advice to the patient in question, that related causally or historically to physical or mental injuries that are relevant to issues in the * * * other civil action.
(Emphasis added.)
{¶ 16} This subsection applies because the elements are satisfied by the facts as demonstrated in this case. The original statement made by Laurence to emergency room personnel in the ease she filed and later voluntarily dismissed relates causally and historically to injuries that are relevant to issues in her cross-claim because that statement is her own version of how the accident occurred. Since the statute provides that a physician may testify or be compelled to testify to communications that relate causally or historically to physical or *262 mental injuries relevant to issues in the other civil action, her statement is not protected by the privilege.
{¶ 17} Thus, pursuant to R.C. 2317.02(B)(3)(a) a physician may be compelled to testify or submit to discovery only as to a communication made by the patient that related causally or historically to physical or mental injuries relevant to issues in the other civil action. Laurence’s statement related both causally and historically to how the accident occurred and consequently to the injuries and damages that could be awarded as a result of it. Thus, the privilege does not apply.

Conclusion

{¶ 18} R.C. 2317.02(B)(1) establishes the physician-patient testimonial privilege and prohibits a physician from testifying about a communication made to the physician by a patient. The General Assembly has carved out exceptions to this privilege in certain instances, and a physician may testify or be compelled to do so in any civil action if any type of civil action or claim under R.C. Chapter 4123 is filed by the patient. When the physician-patient privilege described in R.C. 2317.02(B)(1) does not apply as provided in R.C. 2317.02(B)(1)(a)(iii), a physician may testify or be compelled to do so only as to a communication that related causally or historically to physical or mental injuries relevant in the other civil action.
{¶ 19} Accordingly, we affirm the judgment of the court of appeals.
Judgment affirmed.
O’Connor, C.J., and Kennedy and French, JJ., concur.
Pfeifer, Lanzinger, and O’Neill, JJ., dissent.