[Cite as *Heimberger v. Heimberger*, 2020-Ohio-3853.]

# IN THE COURT OF APPEALS

## ELEVENTH APPELLATE DISTRICT

## LAKE COUNTY, OHIO

| | | |
|---|---|---|
| DEBRA A. HEIMBERGER, | : | **O P I N I O N** |
| Plaintiff-Appellant, | : | |
| - vs - | : | **CASE NO. 2019-L-139** |
| MICHAEL W. HEIMBERGER, et al., | : | |
| Defendants-Appellees. | : | |

Civil Appeal from the Lake County Court of Common Pleas, Case No. 2019 CV 000670.

Judgment: Affirmed.

*Debra A. Heimberger*, pro se, 595 Van Buren Drive, B-30, Columbus, OH 43223 (Plaintiff-Appellant).

*David Ledman*, Law Office of David Ledman, 7408 Center Street, Mentor, OH 44060 (For Defendants-Appellees).

MATT LYNCH, J.

{¶1} Plaintiff-appellant, Debra A. Heimberger, appeals the November 5, 2019 Judgment Entry of the Lake County Court of Common Pleas, denying her Motion for Protective Order and granting defendant-appellee, Michael W. Heimberger's, Motion to Compel Discovery, and defendant-appellee, Laura B. Heimberger's, Motion to Compel Discovery. For the following reasons, we affirm the decision of the court below.

{¶2} On April 26, 2019, Debra Heimberger filed a Complaint against Michael and Laura Heimberger, her brother and sister-in-law respectively. In the First and Second

Claims for Relief, Debra alleged that Michael and Laura engaged in tortious conduct "to deny Plaintiff her expectancy to live a peaceful life and any and all inheritance rights" as well as "her promised and rightful share of the proceeds of her parents' estate." In the Third and Fourth Claims for Relief, Debra alleged that Michael and Laura engaged in "extreme and egregious conduct" constituting "intentional reckless behavior that caused the Plaintiff emotional distress and intense struggles with anxiety."

{¶3} On May 30, 2019, Michael and Laura filed an Answer to the Complaint and raised Counterclaims, alleging that Debra had engaged in "frivolous conduct" (First Count) and seeking that she be declared a "vexatious litigator" (Second Count).

{¶4} On June 20, 2019, Debra filed a Reply to the Defendants' Counterclaims.

{¶5} On September 30, 2019, Michael and Laura filed separate Motions to Compel Discovery. Michael claimed that Debra's responses to his interrogatories were alternatively incomplete, evasive, and nonsensical; she raised baseless objections; and failed to produce any documents in response to his request for production. Laura claimed that, "[t]o date, Plaintiff has provided no response to any of the interrogatories and requests for the production of documents in the Discovery Requests."

{¶6} On October 15, 2019, Debra filed a Motion for Protective Order and, on October 22, a Memorandum in Opposition to the Motions to Compel. Debra argued, inter alia, that she "objected to a number of interrogatories based on Defendants['] attempt to obtain privileged communications from a mediator and attorneys Plaintiff had consulted but had not retained," and Michael and Laura "made an open-ended request for therapist and psychological records without any parameters agreed to by Defendants and Plaintiff."

{¶7} On October 25, 2019, Michael and Laura filed a Brief in Opposition to

Motion for Protective Order and a Motion to Compel Depositions.

{¶8} On November 5, 2019, the trial court ruled on the various motions pending before it. The court granted Michael's and Laura's Motions to Compel Discovery, ordering Debra "to provide supplemental responses to discovery and the requested documents" and "to produce complete discovery responses" respectively. The court found that "no purported mediator communication privilege applies in this case" and, "inasmuch as Plaintiff has made a claim for emotional distress * * *, Defendants are entitled to discovery of her medical records as to those issues."

{¶9} On November 8, 2019, Debra filed a Notice of Appeal. On appeal she raises the following assignments of error:

{¶10} "[1.] The Trial Court erred in finding a mediator privilege did not exist when a party engages the mediator to invite the other parties to mediate their dispute."

{¶11} "[2.] The Trial Court erred in denying Appellant's doctor-patient (counselor patient privilege) when the Court, without a hearing, failed to put time parameters on Appellees' request for medical and psychological discovery."

{¶12} "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case * * *." Civ.R. 26(B)(1). "The burden to show that testimony or documents are confidential or privileged is on the party seeking to exclude the material." (Citation omitted.) *Edwards v. Edwards*, 2019-Ohio-5413, __ N.E.3d __, ¶ 8 (11th Dist.).

{¶13} "Ordinarily, a discovery dispute is reviewed under an abuse-of-discretion standard." *Ward v. Summa Health Sys.*, 128 Ohio St.3d 212, 2010-Ohio-6275, 943 N.E.2d 514, ¶ 13. "However, if the discovery issue involves an alleged privilege * * *, it is

a question of law that must be reviewed de novo." *Id.*

{¶14} Under the first assignment of error, Debra argues that the trial court erred by not applying the mediation communication privilege to Michael's and Laura's discovery requests. R.C. 2710.03(A) ("a mediation communication is privileged * * * and is not subject to discovery"); R.C. 2710.01(B) ("'[m]ediation communication' means a statement, whether oral, in a record, verbal or nonverbal, that occurs during a mediation or is made for purposes of considering, conducting, participating in, initiating, continuing, or reconvening a mediation or retaining a mediator").

{¶15} In her Motion for Protective Order, Debra asserted the privilege as to "all of Defendants' discovery requests directed to her relationship with the mediator [Robert Churilla]." Debra represents that she engaged the mediator in 2015 "to resolve a family dispute with her father, mother and uncle over a landlord-tenant matter," and that the mediator "sent a letter to appellee, Michael W. Heimberger's, family inviting them to mediate their family dispute with Appellant." Appellant's brief at 6. In response, Michael and Laura state that the letter proposing mediation was sent to Michael and Debra's parents who "declined to engage in any discussion with Mr. Churilla on the subject of mediation" finding "the proposal unacceptable" and "the letter highly inappropriate and slightly threatening." Brief in Opposition to Motion for Protective Order at 2. None of the parties' assertions regarding the purported offer of mediation in 2015 are supported by evidentiary materials.

{¶16} At oral argument, counsel for Michael and Laura conceded that Debra's offer to mediate the 2015 family dispute with her parents would be covered by the mediator communication privilege.

4

{¶17} The discovery requests propounded by Michael and Laura, however, did not seek the discovery of that communication. Rather, they sought through interrogatories the identity of "all persons who are serving as legal counsel for [Plaintiff] in connection with this civil action" and the identity of "all persons with whom [Plaintiff] is consulting, and all persons with whom [Plaintiff has] consulted, regarding issues of law or legal process or procedure in relation to this civil action."

{¶18} Although Michael and Laura have not sought information regarding the proposal to mediate the 2015 family dispute (in which neither of them was involved), Debra asserted the mediator communication privilege without identifying any of the discovery requests she believes seek information protected by the privilege and without identifying the information or documents she claims are protected by the privilege. Without anything more before this court to consider, we take no issue with the trial court's determination that "no purported mediator communication privilege applies *in this case*." (Emphasis added.) *State v. Tench*, 156 Ohio St.3d 85, 2018-Ohio-5205, 123 N.E.3d 955, ¶ 234 ("the burden of showing that the privilege applies rests on the party asserting the privilege").

{¶19} The first assignment of error is without merit.

{¶20} Under the second assignment of error, Debra argues that the trial court erred by not putting "time parameters on Appellees' request for medical and psychological discovery." Appellant's brief at 12.

{¶21} "Medical records are generally privileged from disclosure under R.C. 2317.02(B)(1)." *Med. Mut. of Ohio v. Schlotterer*, 122 Ohio St.3d 181, 2009-Ohio-2496, 909 N.E.2d 1237, ¶ 14. "The confidential relations and communications between a

5

licensed psychologist * * * and client are placed upon the same basis as those between physician and patient under division (B) of section 2317.02 of the Revised Code." R.C. 4732.19.

{¶22} A physician shall not testify "concerning a communication made to the physician * * * by a patient in that relation or the advice of a physician * * * given to a patient, except as otherwise provided in this division * * * the physician * * * may be compelled to testify on the same subject." R.C. 2317.02(B)(1). "The testimonial privilege established under this division does not apply, and a physician * * * may testify or may be compelled to testify * * * in accordance with the discovery provisions of the Rules of Civil Procedure in connection with a civil action, * * * [i]f a medical claim * * * [or] any other type of civil action * * * is filed by the patient * * *." R.C. 2317.02(B)(1)(a)(iii).

{¶23} "If the testimonial privilege described in division (B)(1) of this section does not apply as provided in division (B)(1)(a)(iii) of this section, a physician * * * may be compelled to testify or to submit to discovery under the Rules of Civil Procedure only as to a communication made to the physician * * * by the patient in question in that relation, or the advice of the physician * * * given to the patient in question, that related causally or historically to physical or mental injuries that are relevant to issues in the medical claim * * * [or] other civil action * * *." R.C. 2317.02(B)(3)(a).

{¶24} Pursuant to the foregoing, Michael and Laura are entitled to Debra's medical records to the extent that they are related causally or historically to the physical and/or mental injuries alleged in her Complaint. *Leopold v. Ace Doran Hauling & Rigging Co.*, 136 Ohio St.3d 257, 2013-Ohio-3107, 994 N.E.2d 431, paragraphs two and three of the syllabus ("a physician may testify or be compelled to do so in any civil action if any

6

type of civil action * * * is filed by the patient * * * only as to a communication that related causally or historically to physical or mental injuries relevant in the other civil action").

{¶25} The interrogatories and production requests propounded to Debra sought, in relevant part, the following:

> The "name, address and telephone number of all persons with any personal knowledge of any of the facts relevant to the [Claims] for Relief set forth in your Complaint, including (but not limited to) all persons who may be called as witnesses at the trial of this action."

> The "title, date and length [of] all documents that reflect any of the facts relevant to the [Claims] for Relief set forth in your Complaint, including (but not limited to) all documents that you may introduce as exhibits at the trial of this action."

> The "name, address and telephone number [of] each person you expect or intend to call as an expert witness at the trial of this matter * * *."

> The "name, address and telephone number [of] each person who has provided care or treatment to you for the 'immense fear' referenced in Paragraph 15 of your Complaint * * *."

> The "name, address and telephone number [of] each person who has provided care or treatment to you for any harm or injury caused by Defendant at any time since Easter 2004 * * *."

> The "name, address and telephone number [of] each person who has provided care or treatment to you for psychiatric or psychological conditions at any time * * *."

> The "name, address and telephone number [of] each person who provided care or treatment to you for the 'emotional distress and intense struggles with anxiety', as referenced in Paragraph 29 of your Complaint * * *."

> The "name, address and telephone number [of] each person who provided care or treatment to you for the 'emotional distress and anxiety', as referenced in Paragraph 34 of your Complaint * * *."

> "All documents that reflect, support or evidence, in whole or in part, any of the injuries, losses or damages sought by you in the [Claims] for Relief in your Complaint."

7

{¶26} We find no abuse of discretion in the trial court's decision to compel discovery (Debra's Motion for Protective Order did not include medical records). All of the discovery requests except one relate causally or historically to the physical and/or mental injuries alleged in her Complaint. There was no need for the court to fix "time parameters" on the discovery requests because such parameters were included in the requests themselves.

{¶27} The one exception is the interrogatory seeking the name, address and telephone number of persons who provided Debra psychiatric or psychological care "at any time." This request, however, does not violate the privilege.

{¶28} The physician privilege, being in derogation of the common law, "must be strictly construed." *Weis v Weis*, 147 Ohio St. 416, 72 N.E.2d 245 (1947), paragraph four of the syllabus. Consequently, the privilege only applies to communications made by the patient to the physician and advice given by the physician to the patient. "Section 2317.02, Revised Code, does not prevent testimony by a physician as to the fact that he was consulted in a professional capacity by a person on a certain date." *Jenkins v. Metropolitan Life Ins. Co.*, 171 Ohio St. 557, 173 N.E.2d 122 (1961), paragraph two of the syllabus. Accordingly, "Ohio courts have specifically found that the names of health care providers are not subject to the physician-patient privilege because they do not qualify as 'communications' for purposes of O.R.C. § 2317.02." *Turk v. Oiler*, 732 F.Supp.2d 758, 777 (E.D.Ohio 2010) (cases cited).

{¶29} We further note that Debra has not complied with the Civil Rules with respect to her assertion of the privilege. "When information subject to discovery is withheld on a claim that it is privileged or subject to protection as trial preparation

8

materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim." Civ.R. 26(B)(8)(a).

{¶30} With the sole exception of the 2015 mediation proposal letter, Debra has failed to identify any particular document that is arguably subject to privilege.

{¶31} The second assignment of error is without merit.

{¶32} For the foregoing reasons, the Judgment of the Lake County Court of Common Pleas, denying Debra's Motion for Protective Order and granting Michael's and Laura's Motions to Compel Discovery, is affirmed. Costs to be taxed against appellant.

TIMOTHY P. CANNON, P.J.,

THOMAS R. WRIGHT, J.,

concur.