[Cite as *Karr v. Salido*, 2022-Ohio-2879.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Ryan Karr, | : | |
| Plaintiff-Appellant, | : | No. 21AP-672 |
| | | (C.P.C. No. 20CV-6046) |
| v. | : | |
| Joan Salido, | : | (REGULAR CALENDAR) |
| Defendant-Appellee. | : | |

D E C I S I O N

Rendered on August 18, 2022

**On brief:** *Ryan Karr*, pro se. **Argued:** *Ryan Karr*.

**On brief:** *White, Getgey & Meyer Co., LPA*, and *Matthew C. Notaro*, for appellee. **Argued:** *Matthew C. Notaro*.

APPEAL from the Franklin County Court of Common Pleas

SADLER, J.

{¶ 1} Plaintiff-appellant, Ryan Karr, appeals an entry entered by the Franklin County Court of Common Pleas overruling his objections to a magistrate's decision denying his motion to compel appellee, Joan Salido, to provide an insurance claim file. Because the trial court entry is not a final, appealable order, we dismiss the appeal.

## I. FACTS AND PROCEDURAL HISTORY

{¶ 2} In September 2020, appellant filed, then amended, a complaint asserting a negligence claim against appellee arising out of a September 2018 motor vehicle accident. Appellee, represented by her automobile insurer, submitted an answer denying the assertions in the amended complaint and raising affirmative defenses.

{¶ 3} During the course of discovery, appellant filed a request for production of documents that included, "[a]ny and all insurance policies including declarations pages

regarding [appellant] and this incident." (Mar. 19, 2021 Req. for Produc. of Docs. at 3.) On May 18, 2021, appellant filed a motion to compel appellee to produce the insurance policies. In another request for production of documents a few weeks later, appellant requested "[t]he [i]nsurance case file * * * regarding this [i]ncident." (June 1, 2021 Req. for Produc. of Docs. at 3.) Appellee provided appellant a certified copy of appellee's automobile policy and the declaration page, but not the insurer's entire claim file, which appellant believed included information about the insurer's own investigation and conclusions regarding the accident.

{¶ 4} The matter was referred to a magistrate, and a hearing was conducted on July 18, 2021. Appellant appeared in person, and appellee's attorney appeared on her behalf. Following the hearing and additional briefing from the parties, the magistrate determined that appellant failed to meet his burden of demonstrating good cause for the court to grant his motion to compel production of appellee's insurer's claim file to appellant.

{¶ 5} Appellant filed an objection. Although a particular objection is not clearly delineated, appellant generally argued the magistrate failed to consider pertinent law, improperly based its decision on finding the cases raised by appellant to be distinguishable, and incorrectly determined appellant had not shown bad faith by the insurer to support a finding of good cause to produce the claim file. Appellant further argued that the contents of the claim file are necessary for him to prepare his case for trial and asserted that appellee had disclosed some information from the file, thereby waiving any privilege. Appellee filed a memorandum in opposition to appellant's objection contending appellant had not properly filed his objection with specificity under Civ.R. 53(E)(3)(b) and arguing the magistrate's decision was correct under the law and the facts of the case.

{¶ 6} On November 15, 2021, the trial court overruled appellant's objections and adopted the magistrate's decision denying appellant's motion to compel production of the insurance claim file. In doing so, the trial court distinguished between cases cited by appellant involving "first-party" insurance claimants and cases involving "third-party" insurance claimants. (Nov. 15, 2021 Decision & Entry at 3.) The trial court found that, in the later instance, the insurance claim file is protected by the work-product doctrine and, therefore, to compel production of the claim file, the third-party claimant must demonstrate good cause, which pertinent to this case, required a showing of bad faith. The

trial court concluded that on the facts of this case, appellant had not demonstrated good cause.

**{¶ 7}** Appellant filed an appeal setting forth three assignments of error for review:

FIRST ASSIGNMENT OF ERROR: The trial Court erred and abused its discretion when it ruled against Appellant's proper Discovery Motion to Compel on Appellee.

SECOND ASSIGNMENT OF ERROR: The trial Court erred and abused its discretion at the Entry made by Honorable Magistrate Hunt on 08/25/2021 when she ruled, Plaintiff misrepresented the Ohio Supreme Court holdings.(pg.3) As well that Plaintiff has failed to meet his burden of demonstrating good cause for the court to grant his motion(pg3).

THIRD ASSIGNMENT OF ERROR: The trial court erred and abused its discretion when ruling at the Entry made by The Honorable Judge PHIPPS on Nov. 15 2021. The court cases used as reference on pages 2,3 are not proper as they are not in same form as this civil case. The usage of them was a misrepresentation. The Third party/ first party insurance claim language is irrelevant according to the authority the O.A.C. 3901-1-54 gives to both equally. Judge Phipps on page 3. set forth: "*no contractual relationship exists between the insurer and the third-party claimant obligating the insurer to pay*" this statement is completely false accounting to O.A.C. 3901-1-54 (C)(3)(4)(8). The court found that the insurance claim file was protected by the work product privilege (page 3) but did not properly have any evidence to back that statement up nor was that given in its entirety as the Defendant's objection was not "work product," rather *work product in anticipation of litigation.* An objection that was never properly given nor was it ever proven to be of any sort of fact. It is a mere hope, opinion, suggestion of the Defendant without support of any source.

(Emphasis sic.) (Sic passim.)

## II. ANALYSIS

**{¶ 8}** As a threshold issue, appellee contends the trial court's November 15, 2021 entry is an interlocutory determination on a discovery issue and is not a final, appealable order.[1] For the following reasons, we agree.

---

[1] We note the parties had an opportunity to address this issue through briefing and oral argument.

{¶ 9}   "The Ohio Constitution grants the courts of appeals 'such jurisdiction as may be provided by law' to review 'final orders' rendered by inferior courts." *State v. Glenn*, 165 Ohio St.3d 432, 2021-Ohio-3369, ¶ 10, quoting Ohio Constitution, Article IV, Section 3(B)(2).  "The general rule is that all orders in a case must be reviewed in a single appeal after final judgment." *Id.*  Thus, discovery orders, which are generally interlocutory in nature, are typically not subject to immediate appeal.  *In re Special Grand Jury Investigation*, 10th Dist. No. 17AP-446, 2018-Ohio-760, ¶ 7.  A "limited exception" to this general rule resides in R.C. 2505.02.  *Glenn* at ¶ 10; *Oakley v. Ohio State Univ. Wexner Med. Ctr.*, 10th Dist. No. 18AP-843, 2019-Ohio-3557, ¶ 10 ("A trial court order is final and appealable only if it satisfies the requirements in R.C. 2505.02 and, if applicable, Civ.R. 54(B).").  Whether a discovery order warrants an interlocutory appeal is evaluated on a case-by-case basis.  *Glenn* at ¶ 28.  The appellant has the "burden of establishing the appellate court's jurisdiction over an interlocutory appeal."  *Glenn* at ¶ 22, citing *Smith v. Chen*, 142 Ohio St.3d 411, 2015-Ohio-1480, ¶ 8.

{¶ 10}  R.C. 2505.02(A)(3) and (B)(4) provide a framework for analyzing whether discovery order pertaining to information claimed to be protected or privileged may be reviewed on appeal.  *See Glenn* at ¶ 11-12.  R.C. 2505.02(B)(4) provides:

> [a]n order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is one of the following:
>
> * * *
>
> An order that grants or denies a provisional remedy and to which both of the following apply:
>
> (a) The order in effect determines the action with respect to the provisional remedy and prevents a judgment in the action in favor of the appealing party with respect to the provisional remedy.
>
> (b) The appealing party would not be afforded a meaningful or effective remedy by an appeal following final judgment as to all proceedings, issues, claims, and parties in the action.

{¶ 11}  Under R.C. 2505.02(A)(3), a "provisional remedy" means "a proceeding ancillary to an action" including "discovery of privileged matter."  A discovery order concerning alleged attorney work product "falls within the rubric of 'discovery of a privileged matter' and is therefore a provisional remedy."  *Glenn* at ¶ 12.

{¶ 12} In this case, the trial court entry denied appellant's motion to compel production of an insurance claim file, reasoning the file is protected under the work-product doctrine. Appellant does not dispute that appellee "has set forth at least a plausible theory that" the motion to compel would have required appellee "to disclose materials that are protected by the attorney-work-product doctrine." *Glenn* at ¶ 20. Thus, we find this case does involve a trial court order denying a provisional remedy under R.C. 2505.02(B)(4).

{¶ 13} Although the denial of the discovery of privileged materials is a provisional remedy, appellant has not demonstrated that the requirement stated in R.C. 2505.02(B)(4)(b) has been met. First, this case involves the trial court's denial of discovery of alleged attorney work-product information, and as such does not involve concerns of compelling the exposure confidential, privileged information that may warrant an appeal at this early juncture. "Discovery orders are generally interlocutory and, as such, are neither final nor appealable, *especially those that deny discovery*." (Emphasis added.) *Curtis v. Adult Parole Auth.*, 10th Dist. No. 04AP-1214, 2005-Ohio-4781, ¶ 12; *DeAscentis v. Margello*, 10th Dist. No. 04AP-4, 2005-Ohio-1520, ¶ 27 ("More specifically, orders *denying* discovery are generally not final and appealable."). *Compare Autumn Health Care of Zanesville, LLC v. DeWine*, 10th Dist. No. 14AP-593, 2015-Ohio-2655, ¶ 6 (noting that discovery orders compelling a party to produce privileged or confidential information may be final and appealable); *Dineen v. Pelfrey*, 10th Dist. No. 21AP-547, 2022-Ohio-2035, ¶ 12-19 (finding trial court order compelling the production of privileged information to be a final, appealable order on the facts and arguments set forth in that case).

{¶ 14} Orders denying access to discovery are generally not appealable since decisions relating to denial of discovery can normally be reviewed effectively on appeals from final judgments. *Williams v. Nationwide Mut. Ins. Co.*, 4th Dist. No. 05CA15, 2005-Ohio-6798, ¶ 9-11 (finding R.C. 2505.02(B)(4)(b) was not met where the order appealed denied the appellant access to an insurance company's claim file and finding "[a]ny error in this regard can be remedied after final judgment" by direct appeal); *Briggs v. Mt. Carmel Health Sys.*, 10th Dist. No. 07AP-251, 2007-Ohio-5558, ¶ 12 (finding that, since the trial court's denial of access to health care peer review records could be remedied after final judgment, the appellant had not satisfied R.C. 2505.02(B)(4)(b)). *See, e.g., Callander v.*

*Callander*, 10th Dist. No. 07AP-746, 2008-Ohio-2305, ¶ 42 (addressing, in a direct appeal from summary judgment, the appellant's contention that the trial court erred in denying his motion to compel discovery of certain trust and estate documents); *Akers v. Ohio State Univ. Med. Ctr.*, 10th Dist. No. 04AP-575, 2005-Ohio-5160, ¶ 16 (addressing, on direct appeal, whether the trial court abused its discretion when it held that documents were privileged and denied appellant access to those documents without conducting an in camera inspection).

{¶ 15} Second, appellant has not shown that a departure from the rule that discovery orders are not final and appealable is justified in this case. In his appellate briefs, appellant generally asserts concerns about due process, fairness, bias, and unequal treatment, and contends he cannot prepare for a trial without receiving the insurance claim file. It is unclear whether appellant directs these statements toward showing why an appeal is necessary now (the final, appealable order issue) or toward showing why appellant was entitled to the file in discovery (i.e., the merits of whether the trial court erred in denying his motion to compel). Appellant does make an argument specific to R.C. 2505.02, but simply argues that when the trial court judge ruled on his motion, it "became a Court Entry," and "[t]he entirety of R.C. 2502.02(B) can be looked at and also used in a way that would fit this Motion on Appealable grounds"; appellant concludes that "[i]t has been identified that this is an appealable issue according to the Ohio Revised Code authority but not limited." (Appellant's Reply Brief at 7, 10.) Furthermore, at oral argument, appellant raised (what we believe to be) Ohio Admin.Code 3901-1-54(C) as a basis for his appeal to proceed at this time. However, contrary to appellant's argument, a review of Ohio Admin.Code 3901-1-54 does not show the trial court order at issue is final and appealable.

{¶ 16} Overall, appellant does not set forth any legal authority explaining why an appeal from the final judgment—the typical way to challenge the trial court's ruling on discovery matters—would fail to be a meaningful or effective remedy in this case. As a result, we presume an appeal in the ordinary course would be a meaningful and effective remedy. *See Glenn* at ¶ 22-28 (finding the appellant's conclusionary, "sparse" arguments, including his concerns about the possibility of a retrial and contentions on the merits of the order, failed to meet the requirement under R.C. 2505.02(B)(4) to justify the immediate appeal of a discovery order concerning materials allegedly protected by the attorney-work-

product doctrine); *In re Special Grand Jury Investigation*, 2018-Ohio-760, at ¶ 13, quoting *Chen* at ¶ 8 (finding that because the appellants failed to address why an immediate appeal was necessary in order to afford a meaningful and effective remedy, we must "presume an appeal in the ordinary course would be meaningful and effective"); *State ex rel. Neil v. French*, 153 Ohio St.3d 271, 2018-Ohio-2692, ¶ 10 (citations omitted) (discussing and applying the well-established rule that pro se litigants are held to the same standards as litigants represented by counsel).

{¶ 17} Considering all the above, we find the trial court's order denying appellant's motion to compel discovery of the insurance claim file is not final and appealable. Because this court lacks jurisdiction to review this issue, the appeal must be dismissed. *In re Special Grand Jury Investigation of Medicaid Fraud & Nursing Homes*, 10th Dist. No. 18AP-730, 2019-Ohio-2532, ¶ 8 ("[I]f an appeal is not taken from a final appealable order, we have no jurisdiction to review the matter and must dismiss it.").

## III.   CONCLUSION

{¶ 18} Having determined the judgment of the Franklin County Court of Common Pleas is not a final, appealable order, we dismiss this appeal.

*Appeal dismissed.*

LUPER SCHUSTER, P.J., and DORRIAN, J., concur.

————————————