[Cite as *Schafer v. Levey*, 2024-Ohio-1605.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| MILLIE SCHAFER, | : | APPEAL NO. C-230410 |
| | | TRIAL NO. A-1900882 |
| Plaintiff/Counterclaim | : | |
| Defendant-Appellant, | | *O P I N I O N.* |
| | : | |
| vs. | : | |
| | : | |
| SANDRA L. LEVEY, | : | |
| | : | |
| Defendant/ Counterclaim | | |
| Plaintiff-Appellee. | : | |

Civil Appeal From:   Hamilton County Court of Common Pleas

Judgment Appealed From Is:  Reversed and Cause Remanded

Date of Judgment Entry on Appeal: April 26, 2024

*Finney Law Firm, LLC, Stephen E. Imm* and *Matthew S. Okiishi*, for Plaintiff/ Counterclaim Defendant-Appellant,

*Whittaker Law, LLC*, and *Justin Whittaker*, for Defendant/Counterclaim Plaintiff-Appellee.

**KINSLEY, Judge.**

{¶1}    Plaintiff/counterclaim-defendant-appellant Millie Schafer was ordered by the Hamilton County Court of Common Pleas to turn over to defendant/counterclaim-plaintiff-appellee Sarah Levey all communications with her former lawyer about two pine trees that Schafer removed from her property. Schafer and Levey had previously been neighbors, and the two were suing each other. The dispute arose after Levey hired Bzak Landscaping, Inc., to make improvements to her yard and escalated after Schafer allegedly removed the pine trees to preclude Levey from inspecting them. Without reviewing Schafer's communication with her former attorney or otherwise determining any reason for invading the attorney-client privilege, the trial court required Schafer to hand over records of what she had discussed with her former lawyer after a subpoena Levey issued to Schafer went unanswered.[1]

{¶2}    For reasons we discuss in this opinion, we hold that the trial court erred in ordering the disclosure of communication allegedly protected by the attorney-client privilege without conducting an evidentiary hearing or in-camera inspection of the records. We therefore reverse the portion of the trial court's judgment pertaining to attorney-client communication and remand the matter to the trial court to determine whether the communications between Schafer and her former attorney are covered by the privilege and, if so, whether there is any basis for nonetheless compelling their disclosure.

---

[1] The trial court's order also compelled Schafer to respond to interrogatories served on her by Levey. Schafer does not appeal this portion of the trial court's order, and our opinion therefore only addresses the part of the trial court's order that pertains to attorney-client communications.

### *Factual and Procedural Background*

{¶3} At the beginning of this case, Schafer and Levey lived next door to one another. Both parties sued each other for claims arising from landscaping work Levey performed on her property.

{¶4} On February 19, 2019, Schafer filed suit first. In her complaint, Schafer alleged that Bzak trespassed onto her property, left machinery there, and that she was unable to freely enjoy her property as a result. Schafer demanded over $200,000 in special damages.[2]

{¶5} Six months later, Levey counterclaimed against Schafer. In her filing, Levey admitted that she had hired Bzak for a landscaping project, which included removing and replacing landscaping around her house and repairing an existing stone wall. Levey alleged that Schafer held up the project by making false reports to the building department during the permitting process. Levey also alleged that Schafer had known that Levey planned to place her house on the market and filed the initial lawsuit to interfere with the sale. In her counterclaim, Levey further contended that Schafer purposely attracted feral cats onto Levey's property.

{¶6} Levey twice amended her counterclaim. The first amendment raised a claim for intentional spoliation of evidence. In this filing, Levey alleged that, at some point prior to January 15, 2020, Schafer nefariously removed two pine trees from her property to prevent Levey from inspecting purported damage to them. The second amendment contained an additional counterclaim for abuse of process. This claim was based upon Schafer's alleged admission in previous court filings that she had

---

[2] In addition to suing Levey, Schafer also sued Bzak, and Bzak counterclaimed against Schafer. Both parties' claims were ultimately tried to a jury, resulting in a finding that neither party had proven its case against the other.

pursued this action to punish Levey. Levey also filed a motion for sanctions against Schafer and her then-attorney under R.C. 2323.51, Ohio's frivolous conduct statute.

{¶7} On August 17, 2022, the trial court resolved Schafer's initial complaint against Levey. It granted summary judgment in Levey's favor as to Schafer's claims against her. Remaining to be resolved were Levey's counterclaims against Schafer, as well as the frivolous conduct motion.

{¶8} Schafer's attorney then withdrew as counsel, and Schafer was left temporarily unrepresented.

{¶9} Following the withdrawal of Schafer's original attorney, Levey sought discovery from Schafer on topics related to the pending counterclaims and sanctions motion. Schafer did not have the benefit of an attorney to assist her with responding to these discovery demands, and Levey deemed Schafer's discovery submissions to be inadequate. Levey therefore sought an expedited default judgment on her counterclaims as a remedy for Schafer's insufficient discovery responses. The trial court granted the motion, awarding Levey default judgment on her counterclaims, but it reserved the determination of the amount of Levey's damages.

{¶10} With the amount of damages and the frivolous conduct motion pending, on June 7, 2023, Levey issued subpoenas duces tecum, as well as subpoenas for personal appearance, to Schafer and her original attorney's law firm. The subpoenas duces tecum requested:

> [a]ll documents, communications, things, and electronically stored information ("ESI"), exchanged between Millie P. Schafer and [her former attorney] and/or [his] Law Firm, its current and former members, officers, employees, agents and representatives, between

January 1, 2018 and the present, including without limitation all emails, text messages, letters, written notes be they handwritten, typed, or/or computer generated, and fax correspondence, related to the removal of two white pine trees by Schafer, and/or her agents, contractors, and representatives, from real property located at 5731 Pandora Avenue, Cincinnati, Ohio, on or about May 18, 2019.

**{¶11}** When Schafer did not submit a timely response to the subpoena, Levey moved to compel her compliance. Schafer then secured new counsel and responded in opposition to the motion to compel, but she did not submit a privilege log or otherwise catalog the documents that would be responsive to the subpoena for the trial court to review.

**{¶12}** On August 3, 2023, without conducting a hearing, the trial court granted Levey's motion to compel and ordered Schafer to comply with the subpoena. More specifically, the trial court required Schafer to disclose all "documents . . . [and] communications exchanged between Ms. Schafer and [her former attorney] and/or his former law firm" regarding the two pine trees. The order contained no discussion or findings as to whether the attorney-client privilege between Schafer and her former attorney applied to the responsive records, had been waived, or was otherwise not applicable to the subpoenaed documents.

**{¶13}** Schafer timely appealed.

### *Analysis*

**{¶14}** On appeal, Schafer raises a single assignment of error in which she contends that the trial court erred in compelling her to produce material protected by the attorney-client privilege. She raises two issues in support of this argument. First,

Schafer contends that the trial court should have conducted an evidentiary hearing or in-camera review. Second, Schafer argues that the trial court erred in ordering her to comply with a subpoena, which is prohibited by the Rules of Civil Procedure because she is a party to the action. We consider these arguments in turn.

### *Attorney-Client Privilege*

{¶15} Schafer first argues that the trial court was required to hold an evidentiary hearing or conduct an in-camera inspection of the materials sought by Levey's subpoena because the communications at issue were protected by the attorney-client privilege. The applicability of the attorney-client privilege is reviewed on appeal under a de novo standard of review. *Med. Mut. of Ohio v. Schlotterer*, 122 Ohio St.3d 181, 2009-Ohio-2496, 909 N.E.2d 1237, ¶ 13.

{¶16} We begin by reaffirming our jurisdiction to consider the applicability of the attorney-client privilege on an interlocutory basis. As the Ohio Supreme Court clearly held in *Burnham v. Cleveland Clinic*, 151 Ohio St.3d 356, 2016-Ohio-8000, 89 N.E.3d 536, ¶ 30, "[a]n order compelling the production of materials alleged to be protected by the attorney-client privilege is a final, appealable order under R.C. 2505.02(B)(4)." This is so because violations of attorney-client confidentiality give rise to immediate prejudice that an appeal following final judgment simply cannot remedy. *Id.*

{¶17} Turning to Schafer's argument that the trial court's order invades the attorney-client privilege, we note that Schafer need not make an affirmative showing at this stage of the proceedings that the communication responsive to the subpoena is actually privileged. It is sufficient to initiate interlocutory appellate review when an order compels the production of material "alleged" to be protected. *See Grace v.*

6

*Mastruserio*, 182 Ohio App.3d 243, 2007-Ohio-3942, 912 N.E.2d 608, ¶ 33 (1st Dist.); *Burnham* at ¶ 30. Schafer alleged the communication between her and her former attorney to be privileged in an email submitted as part of discovery below, and she alleges the communication to be privileged now. Because the subpoena seeks to discover communication between Schafer and her counsel about the subject of pending litigation—two trees Schafer allegedly removed to avoid their inspection— Schafer has plausibly asserted a claim of privilege. This is all she is required to do at this stage of the proceedings. *See Burnham* at ¶ 30.

{¶18} Nevertheless, we cannot review the validity of Schafer's allegation that her communication with her lawyer is subject to the attorney-client privilege because Schafer did not submit a privilege log or otherwise disclose the responsive communication to the trial court. Nor can we review whether Schafer waived the privilege, because, although Levey raised that claim below, it was not advanced on appeal.

{¶19} Faced with a similar situation in *Grace*, 182 Ohio App.3d 243, 2007-Ohio-3942, 912 N.E.2d 608, at ¶ 40, this court held that the record was too undeveloped to facilitate meaningful appellate review. In the absence of an evidentiary hearing or in-camera inspection conducted by the trial court, and in the absence of a record containing the materials alleged to be covered by the attorney-client privilege, the appellate court had nothing before it to consider. *Id.* at ¶ 38-40. It therefore remanded the matter back to the trial court to conduct a further investigation into whether the attorney-client privilege applied to the specific materials sought in discovery or whether there existed some basis for excusing or overcoming the privilege. *Id.* at ¶ 40.

{¶20} We find ourselves similarly handicapped here. Schafer has asserted a plausible claim of presumptive attorney-client privilege, given that the subpoena seeks communications between her and her lawyer related to the subject matter of this litigation. But in the absence of a privilege log submitted by Schafer or a record of in-camera review by the trial court, we have nothing to review to determine the contours of the attorney-client privilege in this case.

{¶21} Consistent with *Grace*, we therefore sustain Schafer's assignment of error and remand the matter to the trial court to conduct an evidentiary hearing and/or in-camera inspection of the documents that are responsive to the subpoena. On remand, the trial court should ascertain whether the attorney-client privilege prohibits the disclosure of the specific communications Schafer had with her former attorney.

### *Civ.R. 45*

{¶22} Schafer also argues that the trial court erred in granting the motion to compel because the plain language of Civ.R. 45(A) prohibits directing subpoenas to parties. *See* Civ.R. 45(A) ("A subpoena may not be used to obtain the attendance of a party or the production of documents by a party in discovery."). We decline to address this argument because we lack jurisdiction in this interlocutory appeal to consider what is essentially a discovery dispute. *Karr v. Salido*, 10th Dist. Franklin No. 21AP-672, 2022-Ohio-2879, ¶ 9. We leave it to the trial court to ascertain on remand whether Schafer was the proper subject of a subpoena under Civ.R. 45(A).

### *Conclusion*

**{¶23}** For the reasons set forth above, we sustain Schafer's sole assignment of error, reverse the decision of the trial court, and remand the matter for the trial court to either conduct an evidentiary hearing or an in-camera review of the documents requested to be disclosed to determine whether the attorney-client privilege is implicated and, if so, whether grounds exist for compelling disclosure nonetheless.

Judgment reversed and cause remanded.

**BOCK, P.J.,** and **WINKLER, J.,** concur.

Please note:

The court has recorded its own entry on the date of the release of this opinion.